UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF<br>ARIES MARINE<br>CORPORATION, ET AL. | CIVIL ACTION<br><br>No. 19-10850<br>c/w 19-13138<br>REF: ALL CASES<br><br>SECTION I |

## ORDER & REASONS

Before the Court is a motion[1] for summary judgment filed by defendant Fieldwood Energy LLC ("Fieldwood"). Claimants Calvin Abshire, Glenn Gibson, Tomas Arce Perez, Lee Bob Rose, Gilberto Gomez Rozas, Gabriel Vilano, and Ronald Williams (collectively, "claimants") oppose[2] the motion. For the reasons below, the Court denies the motion.

### I.   FACTUAL BACKGROUND

This matter arises out of a November 18, 2018 incident in which the RAM XVIII, a liftboat owned and operated by Aries Marine Corporation ("Aries"), listed and ultimately capsized in the Gulf of Mexico. Pursuant to a "Master Time Charter Agreement," Fieldwood chartered the RAM XVIII to provide worker housing in

---

[1] R. Doc. No. 161.
[2] R. Doc. No. 196. Claimants' opposition to the instant motion is filed as R. Doc. No. 196; however, because Fieldwood's statement of uncontested facts is identical to that filed by Aries Marine in connection with a separate motion for summary judgment, claimants incorporated their response to that statement of uncontested facts as their response to Fieldwood's statement of uncontested facts. Accordingly, claimants' relevant statement of facts for this motion is found at R. Doc. No. 204-1.

support of work taking place on a platform, owned by Fieldwood, located in the West Delta 68 ("WD 68") region in the Gulf of Mexico.[3] Claimants were among those who were working on the platform, and were present on the vessel at the time of the incident.[4]

After this incident, Aries filed a complaint for exoneration or limitation of liability in this Court.[5] The seven claimants, all of whom were present on the vessel during the incident, then filed answers and claims.[6] Claimants also filed a separate case[7] against Fieldwood and Fugro USA Marine ("Fugro"), alleging that Fieldwood and Fugro were negligent with regard to their involvement in the incident.[8] That matter was consolidated with the limitation action.[9] Fieldwood now seeks summary judgment on claimants' negligence claims against it.

## II. STANDARD OF LAW

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, a court determines that there is no genuine dispute of material fact and the movant is entitled to judgment

---

[3] R. Doc. No. 161-2, ¶¶ 17−18; R. Doc. No. 204-1, at 2. Fieldwood states that the scope of the charter also included "meals, deck and office space, as well as construction and crane support," R. Doc. No. 161-2, but claimants dispute that this is so, seemingly suggesting that the scope of the charter included only lodging space. R. Doc. No. 204-1, at 2.
[4] Six of the seven claimants were employed by Fluid Crane and Construction. The seventh, Glenn Gibson, was employed by United Fire and Safety.
[5] R. Doc. No. 1.
[6] R. Doc. Nos. 6, 13.
[7] E.D. La. Case No. 19-13138.
[8] E.D. La. Case No. 19-13138, R. Doc. No. 1, ¶ 24.
[9] R. Doc. No. 51.

as a matter of law. Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of a material fact; it need only point out the absence of evidence supporting the other party's case. *Id.*; *see also Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195–96 (5th Cir. 1986) ("There is no sound reason why conclusory allegations should suffice to require a trial when there is no evidence to support them even if the movant lacks contrary evidence.").

Once the party seeking summary judgment carries that burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *See Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Rather, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must then articulate specific facts showing a genuine issue and point to

3

supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A), (c)(2). These facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "A non-movant will not avoid summary judgment by presenting "speculation, improbable inferences, or unsubstantiated assertions." *Lawrence v. Fed. Home Loan Mortg. Corp.*, 808 F.3d 670, 673 (5th Cir. 2015) (quotation and citation omitted). If the nonmovant fails to meet their burden of showing a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075–76.

"Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . the material may be presented in a form that would not, in itself, be admissible at trial." *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) (citations omitted).

This matter is set for a bench trial. Therefore, so long as "the evidentiary facts are not disputed and there are no issues of witness credibility," *Manson Gulf, L.L.C. v. Modern Am. Recycling Serv.*, 878 F.3d 130, 134 (5th Cir. 2017), "the district court has the limited discretion to decide that the same evidence, presented to him or her as a trier of fact in a plenary trial, could not possibly lead to a different result." *Jones v. United States*, 936 F.3d 318, 321–22 (5th Cir. 2019) (quotation and citation omitted).

## III. ANALYSIS

The parties agree that, as a time charterer, Fieldwood's potential liability is limited.[10] Generally, "a time charterer who has no control over the vessel assumes no liability for negligence of the crew or unseaworthiness of the vessel absent a showing that the parties to the charter intended otherwise." *Grand Famous Shipping Ltd. v. China Navigation Co. Pte. Ltd.*, 45 F.4th 799, 805 (5th Cir. 2022) (quotation, citation, and alteration omitted). "[H]owever, a time charterer may still be liable for negligently conducting its activities as time charterer." *Id.* (quotation and citation omitted).

Specifically, "time charterers owe 'a hybrid duty arising from contract and tort, to persons with whom [they have] no contractual relationship, including vessel passengers, to avoid negligent actions *within the sphere of activity* over which [they] exercise[ ] at least partial control.'" *Id.* at 806 (quoting *Hodgen v. Forest Oil Corp.*, 87 F.3d 1512, 1520 (5th Cir. 1996), *overruled on other grounds*, *Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778 (5th Cir. 2009) (en banc) (emphasis and alterations in *Grand Famous*). The spheres of activity in which a time charterer traditionally exercises control "include choosing the vessel's cargo, route, and general mission, as well as the specific time in which the vessel will perform its assignment." *Id.* (quotation and citation omitted) "[A] time charterer owes no duty beyond these spheres unless the parties vary the traditional assignment of control by contract or custom." *Id.* (quotation and citation omitted).

---

[10] R. Doc. No. 161-1, at 4; R. Doc. No. 196, at 10−11.

A time charterer may also be held liable for directing the vessel to encounter natural hazards such as dangerous weather or sea conditions. *Matter of P & E Boat Rentals, Inc.*, 872 F.2d 642, 647 (5th Cir. 1989); *Graham v. Milky Way Barge*, 824 F.2d 376, 388 (5th Cir. 1987); *Hicks v. BP Expl. & Prod., Inc.*, 310 F. Supp. 3d 754, 762 (E.D. La. 2018) (Africk, J.) ("A time charterer may also be liable for directing the vessel to encounter natural conditions like hurricanes or treacherous seas." (citation and quotation omitted)).

Claimants argue that Fieldwood was negligent in two ways: (1) by "directing the RAM to [ ] be positioned on the east side of the WD68U platform when they knew the conditions were hazardous," and (2) by "sending the RAM to a dangerous area and failing to take reasonable measures to protect the RAM and its crew by limiting the scope of the work to be done by the [m]arine [s]urveyor ('Fugro') to not include geo-technical data."[11]

The Court finds that genuine issues of material fact preclude summary judgment. Claimants' expert[12] opines that "it is highly likely that either soil samples exist for this location or penetrations for those rigs was known by the operator, Fieldwood" and that "if there was previous field knowledge of soil conditions or penetrations of previous units at the WD68U site by Fieldwood, failure to provide this was contributory to the failure of the foundation of the RAM XVIII."[13] If credited,

---

[11] R. Doc. No. 196, at 10.
[12] The Court previously denied a motion *in limine* to exclude this expert's testimony. R. Doc. No. 233.
[13] R. Doc. No. 196-3, ¶¶ 19, 55.

6

these opinions would permit (though they by no means require) a finding that Fieldwood had notice of allegedly hazardous conditions and thereby contributed to the failure of the RAM XVIII. *E.g.*, *Hicks*, 310 F. Supp. 3d at 762.  However, if the expert's opinions are not credited, it is not clear how claimants will support their theory of liability as to Fieldwood.[14]

Because the Court finds that the above presents a genuine issue of material fact as to Fieldwood's liability for the incident, summary judgment will be denied.

**IT IS ORDERED** that Fieldwood's motion[15] for summary judgment is **DENIED.**

New Orleans, Louisiana, February 7, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[14] The Court does not rely on the statement allegedly made by Fieldwood "company man" Clarence Oliva, and therefore does not address Fieldwood's argument that the statement is hearsay.

[15] R. Doc. No. 161.