**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**IN THE MATTER OF**                                      **CIVIL ACTION**
**ARIES MARINE**
**CORPORATION, ET AL.**                              **No. 19-10850**
                                                                        **c/w 19-13138**
                                                                 **REF: ALL CASES**

                                                                        **SECTION I**

## ORDER & REASONS

Before the Court is a motion[1] for partial summary judgment filed by Fluid

Crane & Construction, Inc. ("Fluid Crane"). United Fire & Safety, LLC ("United Fire")

opposes[2] the motion. For the reasons below, the Court grants the motion.

## I.      FACTUAL BACKGROUND

This Court has set forth the factual background giving rise to this matter in

previous orders. As relevant to the instant motion, Fluid Crane and United Fire each

contracted with Fieldwood Energy, LLC ("Fieldwood") to provide certain services on

a stationary platform owned by Fieldwood. These contracts contained defense and

indemnity provisions pursuant to which Fluid Crane and United Fire agreed to

provide defense and indemnity for claims asserted by their respective employees

against other parties that contracted with Fieldwood. In relevant part, each contract

provided that Fluid Crane and United Fire "agree[d] to release, indemnify, protect,

defend and hold harmless such other Third Party Contractors . . . from and against

---

[1] R. Doc. No. 164.
[2] R. Doc. No. 181.

any and all claims for the (1) the injury, illness or death of any [of their own employees]."[3]

Seven personal injury claimants ("claimants") asserted claims in the instant matter against, *inter alia*, Aries Marine Corporation ("Aries") and Fugro USA Marine, Inc. ("Fugro"). Six of the claimants were employees of Fluid Crane, and one was an employee of United Fire. Both Aries and Fugro are "Third Party Contractors" within the meaning of the contracts. Aries and Fugro both asserted entitlement to defense and indemnification from Fluid Crane and United Fire, based on the contracts described above.

The Court recently determined that, while the indemnification provisions of the above-described contracts are unenforceable, the defense provisions may be enforced by parties ultimately found free of fault.[4] In the instant motion, Fluid Crane requests that this Court order that these defense obligations be shared equally by Fluid Crane and United Fire, regardless of the fact that only one of the seven personal injury claimants was an employee of United Fire.

## II.   STANDARD OF LAW

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, a court determines that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always

---

[3] R. Doc. Nos. 164-5, at 8; 164-6, at 8.
[4] R. Doc. No. 241.

bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of a material fact; it need only point out the absence of evidence supporting the other party's case. *Id.*; *see also Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195–96 (5th Cir. 1986) ("There is no sound reason why conclusory allegations should suffice to require a trial when there is no evidence to support them even if the movant lacks contrary evidence.").

Once the party seeking summary judgment carries that burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *See Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Rather, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must then articulate specific facts showing a genuine issue and point to supporting, competent evidence that may be presented in a form admissible at trial.

*See Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A), (c)(2). These facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "A non-movant will not avoid summary judgment by presenting "speculation, improbable inferences, or unsubstantiated assertions." *Lawrence v. Fed. Home Loan Mortg. Corp.*, 808 F.3d 670, 673 (5th Cir. 2015) (quotation and citation omitted). If the nonmovant fails to meet their burden of showing a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075–76.

This matter is set for a bench trial. Therefore, so long as "the evidentiary facts are not disputed and there are no issues of witness credibility," *Manson Gulf, L.L.C. v. Modern Am. Recycling Serv.*, 878 F.3d 130, 134 (5th Cir. 2017), "the district court has the limited discretion to decide that the same evidence, presented to him or her as a trier of fact in a plenary trial, could not possibly lead to a different result." *Jones v. United States*, 936 F.3d 318, 321–22 (5th Cir. 2019) (quotation and citation omitted).

## III.   ANALYSIS

The parties agree that Louisiana law governs the instant dispute.[5] Under Louisiana law, obligations may be several, joint, or solidary. *Berlier v. A.P. Green Indus., Inc.*, 815 So.2d 39, 45 (La. 2002). "The classification of an obligation as several

---

[5] The Court determined that Louisiana law applies to the interpretation of the relevant contracts in its previous order and reasons on the enforceability of the indemnification provisions. R. Doc. No. 241.

or joint depends upon the parties' intentions and understanding, as revealed by the language of their contract and the subject matter to which it refers." *City of Alexandria v. Brown*, 740 F.3d 339, 355 (5th Cir. 2014) (quoting *Berlier*, 815 So.2d at 47–48) (cleaned up).

"When each of different obligors owes a separate performance to one obligee, the obligation is several for the obligors." La. Civ. Code art. 1787. "When different obligors owe together just one performance to the obligee, but neither is bound for the whole, the obligation is joint for the obligors." *Id.* art. 1788. "An obligation is solidary for the obligors when each obligor is liable for the whole performance [and] [a] performance rendered by one of the solidary obligors relieves the others of liability toward the obligee." *Id.* art. 1794.

"When a joint obligation is divisible, each joint obligor is bound to perform, and each joint obligee is entitled to receive, only his portion." *Id.* art 1789. "When a joint obligation is indivisible, joint obligors or obligees are subject to the rules governing solidary obligors or solidary obligees." *Id.* "An obligation is divisible when the object of the performance is susceptible of division." *Id.* 1815. On the other hand, "an obligation is indivisible when the object of the performance, because of its nature or because of the intent of the parties, is not susceptible of division." *Id.* "An indivisible obligation with more than one obligor or oblige is subject to the rules governing solidary obligations." *Id.* 1818.

"Among solidary obligors, each is liable for his virile portion. If the obligation arises from a contract . . . virile portions are equal in the absence of agreement or judgment to the contrary." *Id.* art. 1804.

As stated, both Fluid Crane and United Fire agreed, via separate contracts, to "release, indemnify, protect, defend and hold harmless" Aries and Fugro from and against claims asserted by Fluid Crane's and United Fire's respective employees. The language of the contracts sheds little light on the parties' intent as to whether the defense obligations are joint, so the Court focuses on the subject matter of the contract in order to determine the nature of the obligations. *Brown*, 740 F.3d at 355.

Fluid Crane argues that the defense obligations owed by itself and United Fire are joint, indivisible obligations.[6] This is so, Fluid Crane argues, because "[a]n obligation to defend the [i]ndemnitees at a hearing, deposition, or to respond to discovery is, by its nature, an indivisible obligation. The [i]ndemnitees['] interests" are "either represented or [they are] not."[7]

United Fire concedes "that there are some defense expenses that are not specific" to claims made by either United Fire's or Fluid Crane's employees because "the defense of each party's liability is not specific to each claimant."[8] Still, United

---

[6] United Fire appears to confuse the issue, arguing that "United Fire and Fluid Crane cannot be solidary obligors." R. Doc. No. 181, at 5. However, Fluid Crane argues that the parties' obligations are joint and indivisible such that principles of solidary liability apply pursuant to Louisiana Civil Code Article 1789, not that the parties are solidary obligors pursuant to Article 1794. See R. Doc. 227, at 5 ("Assuming that [the defense] obligation is owed, then it is an indivisible obligation such that the principles of solidary liability apply.").

[7] R. Doc. No. 164-1, at 7.

[8] R. Doc. No. 181, at 8–9.

Fire appears to argue that the defense obligations are divisible because Fluid Crane "has six obligations to defend and indemnify Aries and Fugro" while United Fire has only one, based on the fact that only a single United Fire employee has asserted claims.[9]

The Court concludes that the defense obligations are joint. Even United Fire admits that its obligation to defend Aries and Fugro from liability "overlaps" with Fluid Crane's obligation to do the same. Therefore, at least as to liability defense, the parties appear to agree that they "owe together just one performance to" Aries and Fugro. La. Civ. Code art. 1788. The Court recognizes that defense obligations related to each employee's individual claims might differ. However, Louisiana law recognizes that an obligation may be joint even though "neither [party] is bound for the whole" of the performance. *Id.*

Having concluded that the defense obligations are joint, the Court turns to whether they are divisible. As stated, "an obligation is indivisible when the object of the performance, because of its nature or because of the intent of the parties, is not susceptible of division." *Id.* 1815. The Court determines that, because of the nature of the defense obligations, they are indivisible.

---

[9] *Id.* at 9. Throughout its motion, United Fire refers to both the indemnification and defense provisions; however, Fluid Crane's argument focuses on whether the *defense* obligations (not the indemnification obligations) are divisible, and indeed concedes that the indemnity obligations are divisible. *See* R. Doc. No. 164-1, at 9 ("Obviously, United Fire would not owe indemnity to the Indemnitees for those claims brought by Fluid Crane's employees.").

There is little case law directly applicable to this dispute. However, Fluid Crane has pointed to a case suggesting that defense obligations, such as those at issue here, are indivisible.[10] In *Vaughn v. Franklin*, two insurers each had an independent duty to defend the same party, but one insurer's policy had an applicable policy limit of $100,000 and the other's had an applicable policy limit of $300,000. 785 So. 2d 79, 89 (La. Ct. App. 2001). "The parties agree[d] that for purposes of contributing to a settlement under the indemnity provisions of the policy, the ratio would [have been] 75/25," with the insurer with the lower policy limit paying the lower amount. *Id.* The insurer with the higher limit, however, argued that the defense costs should be divided 50/50. The court agreed, finding that the insurers "each had an equal duty to defend in this case" and were "thus equally liable for the defense costs." *Id.*

United Fire argues that *Vaughn* is distinguishable because "the duty to defend and indemnify for [a Fluid Crane employee's] claim is separate and independent from the duty to defend and indemnify for [a United Fire employee's] claim."[11] But United Fire does not explain how the defense costs, which it admits "overlap[ ] to the extent

---

[10] Fluid Crane also cites cases in which courts applying Louisiana law held that certain obligations should be divided on a per-head basis, even where the parties had differing interests in the underlying concern. *Sweet Lake Land & Oil Co. LLC v. Exxon Mobil Corp.*, No. 09-1100, 2011 WL 5326992, at *4 (W.D. La. Nov. 3, 2011) (holding that two parties that held differing fractional interests in a property were equally liable for the restoration of the property because an "obligation to restore the leased premises is, by its nature, an indivisible obligation"); *Hibernia Nat'l Bank v. Carner*, 997 F.2d 94, 99–100 (5th Cir. 1993) (determining that partners were equally liable for partnership debts regardless of their differing interests in the partnership). These cases do not discuss the applicability of these principles to defense obligations.
[11] R. Doc. No. 181, at 7.

that the defense . . . is not directly or indirectly related to the specific claims asserted by each of [the claimants]" can be divided.[12]

Because the defense obligation is incapable of division, the obligation is indivisible, and principles of solidary liability apply. La. Civ. Code art. 1818. "Among solidary obligors, each is liable for his virile portion." *Id.* art. 1804. And, because "the obligation arises from a contract . . . virile portions are equal in the absence of agreement or judgment to the contrary." *Id.* There is no such agreement or judgment here.[13]

In sum, the Court concludes that Fluid Crane's and United Fire's obligation to defend Aries and Fugro is a joint and indivisible obligation. Because that obligation arises from contract, and there is no agreement or judgment to the contrary, that obligation will be divided in equal portions between Fluid Crane and United Fire.

Accordingly,

**IT IS ORDERED** that Fluid Crane's motion for partial summary judgment is **GRANTED**.

New Orleans, Louisiana, February 9, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[12] *Id.* at 7.

[13] United Fire argues that "Fluid Crane has six virile shares because it has six separate obligations to indemnify" the indemnitees. *Id.* at 9. United Fire cites no authority for this proposition, nor does it explain how "six separate independent obligations to indemnify" translates to six separate independent obligations to *defend*, which is the relevant question here.