UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF<br>ARIES MARINE<br>CORPORATION, ET AL. | CIVIL ACTION<br><br>No. 19-10850<br>c/w 19-13138<br>REF: ALL CASES<br><br>SECTION I |

## ORDER & REASONS

Before the Court is a motion[1] for summary judgment filed by Aries Marine Corporation ("Aries"). Claimant Gilberto Gomez Rozas ("Rozas")[2] opposes[3] the motion. For the reasons below, the Court grants the motion in part and denies it in part.

### I. FACTUAL BACKGROUND

This Court has set forth the factual background giving rise to this matter in previous orders. As relevant to the instant motion, Rozas, at the time an employee of Fluid Crane & Construction, Inc., was present on the RAM XVIII when it listed and capsized, and has asserted claims against Aries in the instant matter. Aries was the

---

[1] R. Doc. No. 154.
[2] The parties alternatively refer to Gilberto Gomez Rozas and Gilberto Gomez Rojas. Because the name appears more often in the record as "Rozas," the Court uses that spelling. The parties also sometimes refer to him as Luis Jimenez, which he states is a name he sometimes uses. R. Doc. No. 191-1.
[3] R. Doc. No. 191.

owner of the vessel, and, as the Court has previously discussed, the personal injury claimants' claims against Aries therefore arise pursuant to 33 U.S.C. § 905(b).[4]

It appears undisputed for purposes of this motion[5] that Rozas is an undocumented immigrant who is not authorized to work in the United States. During depositions and discovery requests in connection with this matter, Rozas repeatedly invoked the Fifth Amendment's protection against self-incrimination, refusing to answer questions related to his citizenship status and personal history.

Aries argues that "Rozas has perpetrated a fraud on" the Court and that "his claims should be dismissed in their entirety, with prejudice, not only as a punitive measure, but to deter future parties from similar conduct."[6] Alternatively, Aries argues that "Rozas should be precluded as a matter of law from recovering past and future lost earnings at United States wage rates."[7]

## II. STANDARD OF LAW

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, a court determines that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always

---

[4] R. Doc. No. 236, at 7.
[5] In compliance with this Court's local rules, Aries submitted a statement of uncontested material facts in connection with its motion for summary judgment. R. Doc. No. 154-11. Rozas' response to that statement of facts "neither admits nor denies" Aries' statement of facts. R. Doc. No. 191-1. However, Rozas does not argue that he is a citizen of or legally authorized to work in the United States.
[6] R. Doc. No. 154-1, at 7.
[7] *Id.*

bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of a material fact; it need only point out the absence of evidence supporting the other party's case. *Id.*; *see also Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195–96 (5th Cir. 1986) ("There is no sound reason why conclusory allegations should suffice to require a trial when there is no evidence to support them even if the movant lacks contrary evidence.").

Once the party seeking summary judgment carries that burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *See Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Rather, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must then articulate specific facts showing a genuine issue and point to supporting, competent evidence that may be presented in a form admissible at trial.

*See Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A), (c)(2). These facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "A non-movant will not avoid summary judgment by presenting "speculation, improbable inferences, or unsubstantiated assertions." *Lawrence v. Fed. Home Loan Mortg. Corp.*, 808 F.3d 670, 673 (5th Cir. 2015) (quotation and citation omitted). If the nonmovant fails to meet their burden of showing a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075–76.

This matter is set for a bench trial. Therefore, so long as "the evidentiary facts are not disputed and there are no issues of witness credibility," *Manson Gulf, L.L.C. v. Modern Am. Recycling Serv.*, 878 F.3d 130, 134 (5th Cir. 2017), "the district court has the limited discretion to decide that the same evidence, presented to him or her as a trier of fact in a plenary trial, could not possibly lead to a different result." *Jones v. United States*, 936 F.3d 318, 321–22 (5th Cir. 2019) (quotation and citation omitted).

### III. ANALYSIS

The Court first addresses Aries' argument that Rozas' claims should be dismissed because he "perpetrated a fraud" on the Court and "unfairly hampered Aries Marine's presentation of their defense by refusing to answer questions pertaining to his background, identity and resident status."[8] Aries requests that all

---

[8] *Id.* at 19.

4

of Rozas' claims be dismissed, or that his economic damages claims be dismissed,[9] or that he be precluded from seeking past and future lost wages at U.S. rates. The Court's task is made more difficult by the fact that Rozas does not make any clear opposition to this argument. The Court concludes that, while dismissal of all of Rozas' claims is not warranted, the lesser sanction of precluding him from future wage losses at U.S. rates is appropriate.

"[F]ederal courts have the inherent power to assess sanctions under certain circumstances, such as when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or has defiled the very temple of justice." *Supreme Rice, L.L.C. v. Turn Servs., L.L.C.*, 567 F. Supp. 3d 742, 750 (E.D. La. 2021) (Ashe, J.) (quoting *In re Dall. Roadster, Ltd.*, 846 F.3d 112, 134 (5th Cir. 2017)).

"[D]ismissal with prejudice is an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011) (quotations and citations omitted). The Fifth Circuit has affirmed dismissal with prejudice as a sanction where, for example, a party committed perjury, *Brown*, 664 F.3d at 77, and where a party provided an apparently fraudulent document to the Court in support of a motion to dismiss. *Imperial ED Promotions, L.L.C. v. Pacquiao*, 549 F. App'x 295, 299 (5th Cir. 2018) (per curiam) (unpublished).

---

[9] Rozas seeks damages for pain and suffering, mental anguish and anxiety, medical expenses, physical and mental impairment, disability, impairment of earning capacity, loss of future earning capacity, lost work wages, loss of enjoyment of life, and loss of personal items. R. Doc. No. 6, ¶ 51.

A "plaintiff who retreats under the cloak of the Fifth Amendment cannot hope to gain an unequal advantage against the party he has chosen to sue" and "a defendant should not be required to defend against a party who refuses to reveal the very information which might absolve defendant of all liability." *Beauregard v. Breaux*, No. 21-868, 2021 WL 4804057, at *2 (E.D. La. Oct. 14, 2021) (Ashe, J.). However, as Aries recognizes, a court may not impose sanctions on a litigant that would make an assertion of his Fifth Amendment privilege "costly." *Griffin v. California*, 380 U.S. 609, 614 (1965).

When confronted with these competing interests, the Fifth Circuit has instructed lower courts "to utilize a balancing test, measuring 'the relative weights of the parties' competing interests with a view toward accommodating those interests, if possible . . . ensur[ing] that the rights of both parties are taken into consideration before the court decides whose rights predominate.'" *Brown v. Stalder*, No. 01–0006, 2015 WL 1246243, at *2 (M.D. La. Mar. 18, 2015) (quoting *Wehling v. Columbia Broadcasting Sys.*, 608 F.2d 1084, 1087 (5th Cir. 1979)) (alterations in *Brown*). "When plaintiff's silence is constitutionally guaranteed, dismissal is appropriate only where other, less burdensome, remedies would be an ineffective means of preventing unfairness to defendant." *Wehling*, 608 F.2d at 1087.

Rozas does not appear to have intentionally misled Aries or the Court by, for example, committing perjury or providing false documents. *See Imperial ED Promotions*, 549 F. App'x at 299; *Brown*, 664 F.3d at 77. That said, there is little doubt that Rozas' invocation of his Fifth Amendment rights during depositions and

6

discovery impede Aries' ability to investigate certain elements of his claims. Rozas goes by multiple names, and invoked his Fifth Amendment privilege in response to questions related to his country of citizenship, the validity of his government identification and social security number, how long he has lived in the United States, his employment history, and his medical history.[10] While these responses would not appear to hinder Aries' ability to investigate the circumstances of the relevant incident, *i.e.*, the listing and capsize of the RAM XVIII, they do interfere with Aries' abilities to evaluate Rozas' claims for damages.

Balancing Aries' interest with Rozas' constitutionally guaranteed right to silence, the Court concludes that the extreme sanction of dismissal with prejudice of all his claims is not warranted. *Brown*, 664 F.3d at 77; *Brown*, 2015 WL 1246243, at *2. However, the Court may impose lesser sanctions as a means of preventing unfairness to Aries. *Wehling*, 608 F.2d at 1087. The Court is "free to fashion whatever remedy is required to prevent unfairness." *Id.* at 1089. Because Rozas' invocation of the Fifth Amendment has made it difficult for Aries to investigate Rozas' damages claims, the Court concludes that the lesser sanction of precluding Rozas from seeking future wage loss awards at United States rates is appropriate. As noted, Aries also requests that Rozas' claims for *past* wage losses also be limited to the rates of his home country. It is not clear to the Court whether this sanction is appropriate, as

---

[10] R. Doc. No. 154-1, at 3–6.

neither party addresses Rozas' employment status from the date of the incident until the present.[11]

Because the Court concludes that the above-described sanctions are appropriate, it does not address the parties' arguments regarding whether Rozas should be precluded from seeking wage loss damages at U.S. rates in light of the Supreme Court's decision in *Hoffman Plastic Compounds, Inc. v. NLRB*, 535 U.S. 137 (2002) and the Fifth Circuit's decisions in *Hernandez v. M/V Rajaan*, 848 F.2d 498, 500 (5th Cir. 1988) and *Bollinger Shipyards, Inc. v. Dir., Off. Worker's Comp. Programs*, 604 F.3d 864 (5th Cir. 2010).

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Aries' motion for summary judgment is **GRANTED IN PART**. Rozas will be precluded from seeking future wage loss awards at United States rates as a sanction for his repeated invocation of the Fifth Amendment. The Court defers decision on whether the same sanction will be applied to any award for past wage losses until the parties provide further information on Rozas' employment status between the incident and the date of trial.

---

[11] The Court has identified a portion of Rozas' deposition in which he states that he "ha[sn't] been working, so . . . it's been four years since I prepared [tax returns]." R. Doc. No. 154-2, at 91. The issue is not briefed, however, so the Court will not issue a ruling on the issue of past wage losses at this time.

8

New Orleans, Louisiana, February 27, 2023.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**