UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF<br>ARIES MARINE<br>CORPORATION ET AL | CIVIL ACTION<br><br>No. 19-10850<br>c/w 19-13138<br>REF: ALL CASES<br><br>SECTION I |

### ORDER & REASONS

Before the Court are two motions filed by Calvin Abshire, Glenn Gibson, Tomas Arce Perez, Lee Bob Rose, Gilberto Gomez Rozas, Gabriel Vilano, Ronald Williams, the RAM XVIII L/B, Aries Marine Corporation ("Aries"), and Fieldwood Energy, LLC ("Fieldwood") (collectively, "Fieldwood Group"): a motion[1] for leave to file an untimely motion for summary judgment and a motion[2] to continue the trial. American Longshore Mutual Association, Ltd. ("ALMA") and Fluid Crane & Construction, Inc., ("Fluid Crane") oppose[3] the motions. Louisiana Workers' Compensation Corporation ("LWCC") also filed an opposition[4] to the motion for leave to file the motion for summary judgment. For the reasons below, the Court grants the motions.

---

[1] R. Doc. No. 264
[2] R. Doc. No. 266.
[3] R. Doc. Nos. 273, 274.
[4] R. Doc. No. 278.

## I.  FACTUAL BACKGROUND

As the Court has previously explained, this matter arises from a 2018 incident in which the liftboat RAM XVIII listed and capsized in the Gulf of Mexico. Certain personal injury claimants,[5] as well as ALMA and Fluid Crane[6] and LWCC,[7] asserted claims against the RAM XVII and Aries, the vessel's owner, in a limitation action. ALMA and LWCC provided Longshore Harbor Workers' Compensation Act ("LHWCA") coverage to Fluid Crane and United Fire & Safety, LLC ("United Fire"), respectively. ALMA and LWCC have paid LHWCA benefits to and on behalf of claimants in this matter and seek to recover those payments. Those payments are sometimes referred to in this opinion and in the parties' briefing as "the liens."

On August 18, 2020, the Court stayed this matter due to Fieldwood's pending bankruptcy proceedings.[8] The case remained stayed and administratively closed until April 26, 2022, when this Court granted an unopposed motion to reopen it.[9]

After the case was reopened, a bench trial was scheduled for January 30, 2023.[10] The scheduling order also provided that dispositive motions were to be filed in time to permit hearing thereon no later than November 30, 2022. In total, nine motions for summary judgment were filed by that deadline, along with two motions

---

[5] R. Doc. No. 6. In a separate case, the personal injury claimants also asserted claims against Fieldwood and Fluid Crane. That case was consolidated into the limitation action. R. Doc. No. 51.
[6] R. Doc. No. 9 (joint answer and claim by ALMA and Fluid Crane).
[7] R. Doc. No. 22.
[8] R. Doc. No. 110.
[9] R. Doc. No. 113.
[10] R. Doc. No. 117.

*in limine* regarding expert witnesses.[11] Due to the quantity of pending motions, the Court continued the pretrial conference and trial.[12] The pretrial conference was held on February 27, 2023,[13] and the ten-day bench trial is currently set to begin on April 10, 2023.[14]

After the pretrial conference, the parties participated in a private mediation and a settlement conference with the U.S. Magistrate Judge assigned to this matter.[15] Neither was successful.

Fieldwood Group now seeks leave to file a motion for summary judgment as to the claims of ALMA and LWCC. Specifically, Fieldwood Group seeks an order from this Court "enforc[ing] the waivers of subrogation contained in Fieldwood's Master Services Contract with Fluid Crane (the 'Fluid Crane MSC') and Fieldwood's Master Services Contract with United Fire & Safety, LLC (the 'UFS MSC')" and dismissing the claims of ALMA and LWCC.[16] Fieldwood Group also requests that the Court continue the trial, arguing that resolution of the proposed summary judgment motion would aid resolution of this matter without the necessity of a trial.[17]

## II.    LAW & ANALYSIS

Requests to modify a Court's scheduling order are governed by Federal Rule of Civil Procedure 16(b)(4), which states that "[a] schedule may be modified only for good

---

[11] R. Doc. Nos. 151, 153, 154, 156, 157, 158, 159, 160, 161, 164, 169.
[12] R. Doc. No. 199.
[13] R. Doc. No. 259.
[14] R. Doc. No. 219.
[15] R. Doc. No. 266.
[16] R. Doc. No. 264-1, at 1.
[17] R. Doc. No. 266.

3

cause and with the judge's consent."[18] "To show good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Squyres v. Heico Cos., LLC*, 782 F.3d 224, 237 (5th Cir. 2015) (cleaned up). In considering such requests, courts in the Fifth Circuit examine four factors: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Id.*

A district court's discretion to modify a scheduling order "is exceedingly wide" and the "court must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (citation and quotation omitted).

### a. Untimely Motion for Summary Judgment

As noted, numerous summary judgment motions were timely filed in this matter. None of these motions, however, addressed the waiver of subrogation issue, which Fieldwood Group represents is now the main barrier to settlement of this

---

[18] In its opposition, ALMA and Fluid Crane also rely on Rule 6(b)(1)(B), which provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." However, "[e]vidence and motions submitted after a scheduling order deadline are evaluated under Rule 16(b), not Rule 6." *Lewis v. Nereus Shipping*, No. 17-17392, 2018 WL 6040226, at *1 n.11 (E.D. La. Nov. 19, 2018) (Vance, J.); *accord LFE Distrib. v. State Farm Lloyds*, 16-116, 2018 WL 4103236, at *2 (S.D. Tex. May 30, 2018) ("Federal Rule of Civil Procedure 16(b)(4) governs instances where a party moves to file a dispositive motion after the deadline established by the court's scheduling order."). Accordingly, the Court analyzes the instant motions under Rule 16(b)(4).

matter. Fieldwood Group argues that all four of the Rule 16(b)(4) factors weigh in favor of granting its motion for leave to file the motion for summary judgment.

As to the first factor, Fieldwood Group explains that no dispositive motion was previously filed on the waiver of subrogation issue because it "only recently came into focus," noting that "it was not until the Pretrial Conference that counsel for Fieldwood advised the Court of the [ ] position of ALMA with respect to its lien in light of the waivers of subrogation."[19] Fieldwood Group further argues that it was not until the settlement conference that it became clear that that this issue was "the principal obstacle to settlement."[20]

ALMA and Fluid Crane respond that members of Fieldwood Group "have undoubtedly been on notice of the [insurers'] lien[s] for years [since the matter was filed in 2019], but each failed to file any sort of dispositive motion concerning an alleged waiver of subrogation" despite their ability to do so.[21] LWCC similarly argues that the Fieldwood Group has been aware of LWCC's and ALMA's respective positions since at least October 2022, when initial settlement discussions occurred.[22] LWCC argues that the motion for leave to file the motions for summary judgment is "a litigation tactic intended to bring pressure upon [ALMA and LWCC] to reduce their claims."[23]

---

[19] R. Doc. No. 264-18, at 2.
[20] *Id.* at 3.
[21] R. Doc. No. 273, at 6.
[22] R. Doc. No. 278, at 2.
[23] *Id.* at 2.

5

Weighing the parties' positions, the Court agrees with ALMA, LWCC, and Fluid Crane that the Fieldwood Group's explanation is lacking. Fieldwood Group does not dispute that the parties were on notice of the waiver of subrogation issue prior to the dispositive motions deadline. Fieldwood Group argues that in cases such as these, "counsel for all parties typically arrive at a mutually acceptable settlement without having to file a dispositive motion for summary judgment to enforce the waiver of subrogation."[24] Fieldwood Group appears to have assumed that this would occur in the instant matter, and therefore chose not to file a motion by the deadline. Though this assumption may have been reasonably based on counsels' prior experience, it is a weak explanation for the failure to timely file a dispositive motion on a known issue. Accordingly, the Court finds that the first factor—Fieldwood Group's explanation for its failure to comply with the scheduling order—weighs against granting the motion. *Squyres*, 782 F.3d at 237.

As to the second factor, Fieldwood Group argues that modifying the scheduling order to allow for a late-filed motion for summary judgment is important because it will narrow and clarify the issues for resolution by way of trial or settlement. Specifically, Fieldwood Group argues, if the Court grants the proposed motion for summary judgment, ALMA's and LWCC's claims would be dismissed, "thereby eliminating their liens from consideration as part of any settlement," and that

---

[24] R. Doc. No. 264-18, at 2.

6

"[c]onversely, were the Court to deny the motion, then any settlement would necessarily have to take into consideration the discharge of those liens."[25]

ALMA, Fluid Crane, and LWCC offer no clear argument as to the second factor. They do argue that "it would be premature for the Court to rule on [the proposed motion] in light of the pending [m]otion for [r]econsideration" filed by Aries as to this Court's order on a timely filed motion for summary judgment regarding contractual defense and indemnity.[26] The Court previously concluded that certain contracts between the parties were non-maritime, and that the the Louisiana Oilfield Indemnity Act ("LOIA") therefore barred the enforcement of certain contractual defense and indemnity provisions.[27] ALMA, Fluid Crane, and LWCC cite a case stating that "voiding a waiver of subrogation clause only achieves the purpose of the [LOIA] when such a clause is sought to be enforced in conjunction with the enforcement of an indemnification clause." *Fontenot v. Hudson*, 676 So.2d 557, 565 (La. 1996). However, in the proposed motion for summary judgment, Aries takes the position that "even if the [LOIA] applies, the waiver of subrogation in favor of Aries Marine is still valid."[28]

The parties' positions as to the potential effect of the LOIA on the waiver of subrogation issue are not fully briefed at this time, and the Court does not issue any ruling on the issue. It is unfortunate that this issue was brought to the Court's

---

[25] *Id.* at 3.
[26] R. Doc. No. 273, at 7.
[27] R. Doc. No. 241.
[28] R. Doc. No. 263-1, at 1 n.1.

7

attention mere weeks before trial. However, even ALMA, Fluid Crane, and LWCC do not dispute that the subrogation issue is an important one. Indeed, this issue must be decided in order for the Court to determine whether ALMA's and LWCC's claims are meritorious. And the Fieldwood Group—which is made up of the majority of the parties to this matter—insist that resolution of the proposed motion could facilitate settlement.

In considering whether to modify a scheduling order, the Court "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber*, 221 F.3d at 736. Because the issue to be presented in the proposed motion for summary judgment is central to the issues remaining to be resolved in this matter, and resolution of the proposed motion could conserve the resources of both the parties and the Court, the Court concludes that the importance of the proposed motion for summary judgment weighs in favor of granting the motion for leave. *Squyres*, 782 F.3d at 237.

Regarding the third factor, Fieldwood Group argues that no prejudice would result from the filing of the motion, as consideration of the proposed motion for summary judgment would increase the likelihood of a pretrial settlement, which "would conserve the financial resources of the parties as well as the judicial resources of the Court."[29] ALMA, Fluid Crane, and LWCC do not specifically argue that the filing of the motion for summary judgment will cause prejudice, but do argue that any accompanying continuance of the trial would cause prejudice, since "any further

---

[29] *Id.* at 4.

continuance of the trial would certainly increase the Longshore lien."[30] Because the arguments as to prejudice and the availability of a continuance primarily relate to the motion to continue the trial, the Court will more fully address those arguments below.

### b. Continuance of the Trial

The motion to continue the trial is premised on the granting of the motion for leave to file the motion for summary judgment. Specifically, Fieldwood Group argues that the proposed motion for summary judgment "would allow the Court to decide the single remaining impediment to the settlement of the" matter.[31] Because the trial is set to commence in less than two weeks, however, the motion could not be fully briefed and ruled upon prior to the trial date.

The good-cause factors discussed above apply equally to the request to continue the trial as to the request to file the late-filed motion for summary judgment. *Squyres,* 782 F.3d at 237. Applying those factors, the Court concludes that a continuance is warranted.

The parties' arguments as to the first and second factors of the good-cause analysis with regard to the continuance of the trial are substantially identical to those with regard to the proposed motion for summary judgment. As discussed above, the Court finds Fieldwood Group's explanation for the timing of its motions to be

---

[30] R. Doc. No. 273, at
[31] R. Doc. No. 266-1.

somewhat lacking, but nevertheless agrees that the proposed modifications to the scheduling order are important.

As to prejudice, ALMA, Fluid Crane, and LWCC argue that continuance of the trial would "increase the Longshore lien, the amount of which is claimed to be the hinderance to a settlement," and that "any further delay of this matter will force ALMA [and LWCC] to incur significant costs that may, according to Fieldwood [Group], not be reimbursed if contractually waived."[32] The Court recognizes that ALMA's and LWCC's liens will increase if the trial is continued. However, any such increase will no doubt be taken into consideration in future settlement proceedings. Indeed, Fieldwood Group itself recognizes that any increase in the lien would have to be taken into account in future negotiations.[33]

Moreover, a continuance of the trial may allow all parties—including ALMA and LWCC— to avoid trial-related expenses altogether. Additionally, resolution of the waiver of subrogation issue via summary judgment could prevent the necessity of an appeal on that issue. The benefits afforded to all parties, as well as judicial economy, are relevant to the good-cause analysis. Accordingly, weighing the potential prejudice of a further continuance with the potential benefits of further briefing on the waiver of subrogation issue, the Court concludes that the third and fourth factors of the good cause analysis weigh in favor of granting Fieldwood Group's motions.

---

[32] R. Doc. No. 274, at 5.
[33] R. Doc. No. 264-18, at 3 (noting that, if the Court ultimately denied Fieldwood Group's motion for summary judgment, "any settlement would necessarily have to take into consideration the discharge of [ALMA's and LWCC's] liens.")

### III. CONCLUSION

In sum, because three of the four factors weigh in favor of granting Fieldwood Group's motions,

**IT IS ORDERED** that the motion[34] for leave to file a motion for summary judgment is **GRANTED.** The proposed motion shall be filed into the record. Any opposition to the motion shall be filed no later than **APRIL 11, 2023**. Any reply in support of the motion shall be filed no later than **APRIL 19, 2023**. The motion will be considered submitted on **APRIL 19, 2023**.

**IT IS FURTHER ORDERED** that the motion[35] to continue the trial is **GRANTED**. The trial in this matter is continued to a date to be determined.

New Orleans, Louisiana, March 27, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[34] R. Doc. No. 264.
[35] R. Doc. No. 266.