UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF<br>ARIES MARINE<br>CORPORATION, ET AL. | CIVIL ACTION<br><br>No. 19-10850<br>c/w 19-13138<br>REF: ALL CASES |

SECTION I

**ORDER & REASONS**

Before the Court is a motion[1] filed by Aries Marine Corporation ("Aries") for reconsideration of this Court's order and reasons[2] granting in part and denying in part summary judgment motions filed by Aries,[3] Fugro USA Marine ("Fugro"),[4] United Fire and Safety, LLC ("United Fire"),[5] and Fluid Crane and Construction, Inc. ("Fluid Crane").[6] Fluid Crane[7] and United Fire[8] oppose the motion. For the reasons below, the Court denies the motion.

## I. FACTUAL BACKGROUND

As the Court has previously explained, this matter arises from a 2018 incident in which the liftboat RAM XVIII listed and capsized in the Gulf of Mexico. As relevant here, employees of United Fire and Fluid Crane asserted personal injury claims

---

[1] R. Doc. No. 260.
[2] R. Doc. No. 241.
[3] R. Doc. No. 158.
[4] R. Doc. No. 153.
[5] R. Doc. No. 160.
[6] R. Doc. No. 169.
[7] R. Doc. No. 262.
[8] R. Doc. No. 263.

against Aries related to the incident. Aries, Fugro, United Fire, and Fluid Crane were each a party to separate but substantially identical contracts with Fieldwood Energy, LLC ("Fieldwood"). Those contracts contained indemnification provisions that, for the reasons explained in the Court's prior order and reasons and not disputed here, are enforceable under federal maritime law but unenforceable under Louisiana law.

All parties further agree that the question of whether federal maritime law or Louisiana law applies depends on whether the contracts at issue are maritime contracts (requiring the application of federal law) or nonmaritime contracts (requiring the application of Louisiana law). In 2018, the Fifth Circuit articulated a simplified two-step test for determining whether a contract is maritime or nonmaritime:

> First, is the contract one to provide services to facilitate the drilling or production of oil and gas on navigable waters? . . . Second, if the answer to the above question is "yes," does the contract provide or do the parties expect that a vessel will play a substantial role in the completion of the contract? If so, the contract is maritime in nature.

*In re Larry Doiron, Inc.*, 879 F.3d 568, 576 (5th Cir. 2018) (en banc).[9]

The Fifth Circuit explained that "[t]his test places the focus on the contract and the expectations of the parties." *Id*. The *Doiron* test does not provide for consideration of whether a vessel was actually used in the completion of the contract; instead, the Fifth Circuit has indicated that such involvement should be considered only if "[t]he scope of the contract [or] the extent to which the parties expect[ed]

---

[9] *Doiron* revised and simplified the Fifth Circuit's previous six-part maritime contract test, as set forth in *Davis & Sons, Inc. v. Gulf Oil Corp.*, 919 F.2d 313 (5th Cir. 1990).

vessels to be involved in the work [is] unclear. *Id.* at 577; *accord Sanchez v. American Pollution Control Corp.*, 566 F. Supp. 3d 549, 556–57 (E.D. La. 2021) (Barbier, J.*)*; *Carr v. Yellowfin Marine Servs., LLC*, 423 F. Supp. 3d 316, 321 (E.D. La. 2019) (Ashe, J.). "Even significant vessel involvement isn't enough if that involvement was unexpected." *Barrios v. Centaur, LLC*, 942 F.3d 670, 681 (5th Cir. 2019) (citation omitted).

Aries, Fugro, United Fire, and Fluid Crane each filed a motion for summary judgment in this matter, with Aries and Fugro asserting that federal law applied and that the indemnification provisions were therefore enforceable, and United Fire and Fluid Crane asserting that Louisiana law applied and that the indemnification provisions were therefore unenforceable.[10] All parties agreed that the first prong of the *Doiron* test was met, as contracts at issue were contracts "to provide services to facilitate the drilling or production of oil and gas on navigable waters." *Doiron*, 879 F.3d at 576. However, the parties disagreed as to whether the contracts provided or the parties expected that a vessel—here, the RAM XVIII—would play a substantial role in the completion of the contract.

The Court granted Aries', Fugro's, United Fire's, and Fluid Crane's motions in part and denied them in part.[11] As relevant to the instant motion, the Court concluded that the contracts were nonmaritime contracts because no party had presented evidence that United Fire and Fluid Crane expected the vessel to play a

---

[10] *See generally* R. Doc. No. 241.
[11] *Id.* at 23.

substantial role in the completion of the contract.[12] Aries asks the Court to reconsider that determination.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. Rule 59(e) motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

"A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; [or], (4) the motion is justified by an intervening change in the controlling law." *Jupiter v. BellSouth Telecomms., Inc.*, No. 99-0628, 1999 WL 796218, at *1 (E.D. La. Oct. 5, 1999) (Vance, J.) (internal quotation marks omitted). "A manifest error is one that is plain and indisputable, and that amounts to a complete

---

[12] *Id.* at 14.

disregard of the controlling law." *Puga v. RCX Sols., Inc.*, 922 F.3d 285, 293 (5th Cir. 2019) (quotation and citations omitted).

### III. ANALYSIS

Aries' motion is timely, as it was filed within 28 days of the order it seeks to alter.[13] Aries asserts it is entitled to Rule 59(e) relief for two reasons: first, that "[i]t was manifest error for the Court to disregard Fieldwood's expectations" regarding the use of the RAM XVIII in the job,[14] and second, that "[i]t was manifest error for the Court to disregard the substantial use of the RAM XVIII in the performance of the" job order.[15]

#### a. Consideration of Fieldwood's Expectations

Aries first asserts that the Court erred by not considering Fieldwood's expectations as to the use of the RAM XVIII.[16] As noted above, the contracts relevant to this analysis are between Fieldwood and Fluid Crane and Fieldwood and United Fire. It is obviously true, therefore, that Fieldwood is a party to the contracts at issue, and that Fieldwood's expectations are relevant to the *Doiron* analysis. *See In re Crescent Energy Servs., LLC*, 896 F.3d 350, 359–60 (5th Cir. 2018) ("We must remember that the contracting parties' expectations are central."). However, as Fluid Crane and United Fire point out, Aries' statement of material facts filed in connection

---

[13] *See* R. Doc. Nos. 241 (summary judgment order dated February 3, 2023), 260 (motion for reconsideration dated March 2, 2923).
[14] R. Doc. No. 260-1, at 2,
[15] *Id.* at 4.
[16] In support of the contention that the Court disregarded Fieldwood's expectations, Aries notes that the Court's order and reasons did not discuss Fieldwood's expectations.

5

with its motion for summary judgment did not contain facts related to Fieldwood's expectations.[17]

Moreover, the Court's reasoning in the prior order and reasons concluded that the contracts were nonmaritime because no party pointed to evidence that United Fire and Fluid Crane expected substantial use of a vessel. And, as the Court previously noted, Aries "provide[d] no authority for the proposition that" one party's expectations can establish that the *parties* expected that the vessel would play a substantial role. Further discussion of Fieldwood's expectations regarding the use of a vessel therefore would not have changed the Court's analysis.

Aries points to nothing that alters the Court's conclusion that Fluid Crane and United Fire did not expect substantial use of a vessel in connection with completion of the contract. Aries likewise points to nothing constituting a genuine issue of material fact as to Fluid Crane's and United Fire's expectations.[18] Aries therefore has

---

[17] Aries' statement of material facts did state that Fieldwood mobilized the vessel and stated the amount that Fieldwood paid in connection with chartering the vessel. R. Doc. No. 158-1, ¶¶ 10, 14.

[18] Aries argues that "Fluid Crane knew liftboats were used in performing work for Fieldwood" and points to provisions in Fluid Crane's and United Fire's contracts that required those parties to "remove any watercraft exclusions from their applicable liability insurance policies." The Court addressed the argument regarding Fluid Crane's knowledge in its prior order and reasons. R. Doc. No. 241, at 14–15 (noting that Fluid Crane's corporate representative stated that liftboats were "seldom" used in relation to its work for Fieldwood). Aries also argues that use of vessels "was expected to be so substantial that in Fieldwood's contracts with Fluid Crane and United Fire it actually required that those parties remove any watercraft exclusions from their applicable liability insurance policies." R. Doc. No. 260-1, at 3. Aries did not raise this argument in connection with briefing on the summary judgment motions and the Court will not consider it now. *See Templet*, 367 F.3d at 479 ("[A Rule 59(e)] motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment").

6

not shown that the Court committed "plain and indisputable" error by not discussing Fieldwood's expectations. *Puga*, 922 F.3d at 293.

### b. Consideration of the Use of the RAM XVIII

Aries next argues that the Court's order and reasons improperly transformed the *Doiron* test into a three-part analysis. As stated above, the *Doiron* inquiry consists of two questions: (1) is the contract one to provide services to facilitate the drilling or production of oil and gas on navigable waters; and (2) does the contract provide or do the parties expect that a vessel will play a substantial role in the completion of the contract?

Aries argues that the Court's order and reasons added a third prong that asks: "if the answer to the second question is 'yes,' did the vessel in fact play a substantial role in the completion of the contract? If so, the contract is maritime in nature."[19] Aries cites no particular portion of the Court's order and reasons for its proposition that the Court added a third prong to the *Doiron* test, and the Court cannot identify what portion of the order and reasons Aries objects to. Moreover, Aries' objection is based on a misreading. The Court found it unnecessary to address the use of the vessel because it determined that the answer to the second prong of the *Doiron* test was "no."[20] It is unclear how the Court would have added a third prong to the test when the Court found the second prong to be determinative.[21]

---

[19] R. Doc. No. 160-1, at 4.
[20] R. Doc. No. 241, at 16–17.
[21] Aries' attempt to analogize the instant matter to *Barrios* is also confusing. In that case, the Fifth Circuit noted that the purpose of the *Doiron* test was "to simplify the is-this-contract-maritime inquiry, not complicate it." 942 F.3d at 679. But Aries'

Indeed, as noted, the *Doiron* test does not account for consideration of the actual use of the vessel. The Fifth Circuit has indicated that evidence of the actual use of the vessel should be considered only when the parties' expectations are unclear. *Doiron,* 879 F.3d at 577; *accord Sanchez,* 566 F. Supp. at 556–57; *Carr,* 423 F. Supp. 3d at 321. And, as discussed in the Court's prior order and reasons, as well as above, the Court determined that Aries did not provide evidence to support the contention that United Fire and Fluid Crane—the parties against whom Aries sought to enforce the indemnification provisions—had an expectation of substantial use of a vessel. Accordingly, the Court concludes that Aries has not shown that declining to consider the use of the vessel was manifest error.

## IV.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Aries' motion is **DENIED**.

New Orleans, Louisiana, April 24, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

contention that the Court should have considered the allegedly substantial use of the vessel outside of the context of the parties' expectations—when the *Doiron* test does not provide for such consideration unless the parties' expectations are unclear—itself seemingly advocates complication of the *Doiron* inquiry.