UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF<br>ARIES MARINE<br>CORPORATION, ET AL. | CIVIL ACTION<br><br>No. 19-10850<br>c/w 19-13138<br>REF: ALL CASES<br><br>SECTION I |

**ORDER & REASONS**

Before the Court is a motion[1] by Fugro USA Marine, Inc. ("Fugro") for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b). The motion is unopposed.[2] For the reasons below, the Court grants the motion.

## I.   FACTUAL BACKGROUND

As the Court has previously explained, this matter arises from a 2018 incident in which a liftboat capsized in the Gulf of Mexico. Certain personal injury claimants asserted claims against Fugro, among other parties, for its role in the incident.[3] That lawsuit was consolidated with a limitation action filed by Aries Marine Corporation, in which the personal injury claimants also asserted claims.[4]

Fluid Crane & Construction, Inc. ("Fluid Crane") and United Fire & Safety, LLC ("United Fire") are the employers of the personal injury claimants. In connection

---

[1] R. Doc. No. 290.
[2] The motion was dated for submission on May 3, 2023. To date, no opposition has been filed by any party.
[3] E.D. La. Case No. 19-13138, R. Doc. No. 1.
[4] R. Doc. No. 51.

with their employees' claims, United Fire's workers' compensation insurer and Fluid Crane together with its workers' compensation insurer also filed claims in the limitation action seeking to recover compensation and medical benefits paid to or on behalf of the personal injury claimants in connection with the incident.[5] Fugro thereafter filed a third-party complaint against Fluid Crane and United Fire seeking contractual defense and indemnity from those parties.[6]

This Court previously granted summary judgment to Fugro as to the claims asserted against it by the personal injury claimants.[7] Fugro asserts that "[b]ecause the Court has exonerated Fugro with respect to the claims of the personal injury claimants, Fugro likewise bears no responsibility whatsoever regarding the worker's compensation intervention, reimbursement and/or damages claims filed on behalf of LWCC, ALMA and Fluid Crane."[8] Fugro therefore requests that the Court enter final judgment with respect to the claims asserted against it in this matter. Fugro notes, however, that its claims against Fluid Crane and United Fire remain pending because, as the Court has previously noted, Fugro is entitled to defense costs from those parties as it has been found free of fault.

## II.    LAW & ANALYSIS

In pertinent part, Rule 54(b) states that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct

---

[5] R. Doc. Nos. 9 (claim by Fluid Crane and its insurer), 22 (claim by United Fire's insurer).
[6] R. Doc. No. 90.
[7] R. Doc. No. 239.
[8] R. Doc. No. 290-1, at 3.

entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). This rule "is an exception to the general rule that a final judgment is appealable only after the adjudication of the rights and liabilities of all parties to a proceeding." *Akeem v. Dasmen Residential, LLC.*, No. 19-13650, 2021 WL 4806913, at *1 (E.D. La. Oct. 14, 2021) (Ashe, J.). In considering a Rule 54(b) motion, the district court must "weigh the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." *Road Sprinkler Fitters Loc. Union v. Cont'l Sprinkler Co.*, 967 F.3d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)). "In determining the risk of piecemeal appeals, a relevant factor is whether the nature of the claims to be determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Morales v. Anco Insulations, Inc.*, No. 20-996, 2022 WL 2867094, at *1 (E.D. La. July 21, 2022) (Vance, J.) (quotations and citations omitted).

In order to properly enter a Rule 54(b) final judgment, two prerequisites must be met. First, the court must have fully disposed of one or more claims or parties. *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) (quoting Fed. R. Civ. P. 54(b)). When a court grants summary judgment on all claims against a given party, that party is fully disposed of for purposes of Rule 54(b). *Ruello v. J.P. Morgan Chase Bank, N.A.*, No. 20-895, 2022 WL 219051, at *1 (E.D. La. Jan. 25, 2022) (Vance,

J.) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1 (1980)). Second, the court must determine that there is no just reason for delay. *Eldredge*, 207 F.3d at 740, n.2.

As to the first prerequisite, by granting Fugro's motion for summary judgment, the Court has made a final judgment as to the claims against Fugro. *Ruello*, 2022 WL 219051, at *1. As to the second prerequisite, the dismissal of the claims against Fugro does not affect claims against other parties remaining in this action. Moreover, because the Court granted summary judgment to Fugro based on the determination that the claimants lacked evidence to support a theory of liability against Fugro, but did not make that finding as to any other party, there is no risk that an "appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Morales*, 2022 WL 2867094, at *1. Additionally, no party has expressed objection to the granting of this motion. Accordingly, the Court finds that there is no just reason to delay entry of final judgment as to the claims asserted against Fugro in this matter.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Fugro's motion[9] is **GRANTED** and all claims asserted against Fugro in this matter by claimants Tomas Arce Perez, Glenn Gibson, Lee Bob Rose, Gabriel Vilano, Ronald Williams, Gilberto Gomez Rojas a/k/a Luis Jimenez, and Calvin Abshire,[10] and by American Longshore Mutual Association, Ltd. and Fluid

---

[9] R. Doc. No. 290.
[10] *See* E.D. La. Case No. 19-13138, R. Doc. No. 1.

Crane,[11] and by Louisiana Workers' Compensation Corporation,[12] are **DISMISSED WITH PREJUDICE**. The granting of this motion does not affect any other claims asserted in this matter, including Fugro's claims against Fluid Crane and United Fire for defense costs.

New Orleans, Louisiana, May 18, 2023

**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[11] *See* R. Doc. No. 9.
[12] *See* R. Doc. No. 22.