UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF<br>ARIES MARINE<br>CORPORATION, ET AL. | CIVIL ACTION<br><br>No. 19-10850<br>c/w 19-13138<br>REF: ALL CASES |

SECTION I

## ORDER & REASONS

Before the Court is a motion[1] filed by United Fire & Safety LLC ("United Fire") for reconsideration of this Court's order and reasons[2] granting partial summary judgment in favor of Fluid Crane and Construction, LLC ("Fluid Crane"). Fluid Crane opposes the motion.[3] For the reasons below, the Court denies the motion.

### I. FACTUAL BACKGROUND

As the Court has previously explained, this matter arises from a 2018 incident in which the liftboat RAM XVIII listed and capsized in the Gulf of Mexico. As relevant here, United Fire and Fluid Crane were each a party to separate but materially identical contracts with Fieldwood Energy, LLC ("Fieldwood"). In relevant part, these contracts required United Fire and Fluid Crane to defend and indemnify certain parties from claims asserted by their respective employees.

---

[1] R. Doc. No. 284.
[2] R. Doc. No. 244.
[3] R. Doc. No. 285.

Fluid Crane filed a motion for summary judgment arguing that these defense costs should be divided equally between itself and United Fire, despite the fact that six of the seven claimants in this matter were Fluid Crane employees, and only one was a United Fire employee. The Court granted Fluid Crane's motion. Applying Louisiana law, the Court determined that the obligation to defend was joint and indivisible and therefore would be divided equally between Fluid Crane and United Fire because the obligation was not susceptible to division.[4] In reaching this conclusion, the Court noted that United Fire had conceded that the two entities' obligations to defend "overlapped."[5]

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. Rule 59(e) motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

---

[4] R. Doc. No. 244, at 7–9.
[5] *Id.* at 6–7.

"A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; [or], (4) the motion is justified by an intervening change in the controlling law." *Jupiter v. BellSouth Telecomms., Inc.*, No. 99-0628, 1999 WL 796218, at *1 (E.D. La. Oct. 5, 1999) (Vance, J.) (internal quotation marks omitted). "A manifest error is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Puga v. RCX Sols., Inc.*, 922 F.3d 285, 293 (5th Cir. 2019) (quotation and citations omitted).

"[A] court may treat an untimely Rule 59(e) motion to alter or amend the judgment as if it were a Rule 60(b) motion if the grounds asserted in support of the Rule 59(e) motion would also support Rule 60(b) relief." *Frew v. Young*, 992 F.3d 391, 396 (5th Cir. 2021). Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceedings" due to "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," "fraud," "the judgment has been satisfied, released, or discharged," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

The justification for relief listed in Rule 60(b)(6)—"any other reason that justifies relief"—"is a residual, catchall provision 'used to cover unforeseen contingencies' and 'is a means for accomplishing justice in exceptional circumstances.'" *Poullard v. Howard*, No. 20-454, 2021 WL 5118160, at * 2 (S.D. Tex.

3

Oct. 6, 2021) (quoting *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007)). "A Rule 60(b)(6) motion will be granted only in extraordinary circumstances." *Rogers v. Boatright*, 670 F. App'x 386, 387 (5th Cir. 2016) (per curiam) (citing *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013)). The rule "'requires a showing of manifest injustice and will not be used to relieve a party from the free, calculated, and deliberate choices he has made.'" *Id.* (citing *Yesh Music*, 727 F.3d at 363). And, as with a Rule 59(e) motion, "making the same arguments [as previously offered to the Court] does not suffice as grounds to grant a Rule 60(b)(6) motion." *Walker v. Crim. Investigation Unit*, No. 22-877, 2022 WL 17167954, at *2 (N.D. Tex. Oct. 25, 2022) (citing *Wanken v. Wanken*, 511 F. App'x 363, 366 (5th Cir. 2013)).

## III.  ANALYSIS

As an initial matter, United Fire's initial motion is untimely. The order and reasons to which it objects was issued on February 9, 2023.[6] The instant motion was filed on March 31, 2023, well after the 28-day deadline for a Rule 59(e) motion. Though the motion explicitly states that United Fire seeks relief "pursuant to Rule 59,"[7] United Fire's reply in support of the motion states that United Fire "seeks relief under Rule 60(b)(6)." Accordingly, the Court will apply the standards of Rule 60(b)(6) to the instant motion.[8]

---

[6] R. Doc. No. 244.
[7] R. Doc. No. 284, at 1.
[8] R. Doc. No. 293, at 1. As noted above, United Fire specifically relies on Rule 60(b)(6). The Court notes that, even if United Fire relied on Rule 60(b)(1)—which provides for relief due to "mistake"—its motion would be denied, as it has not identified "a fundamental misconception of the law" in the Court's ruling. *Acadian Diagnostic*

4

United Fire's motion largely repackages arguments it made previously and insists that the result of the Court's ruling is unfair. The only new material United Fire presents is an opinion from this district that states that "[w]hen insurers owe a co-equal duty to defend, they also share the cost of that defense equally, absent a clear agreement to the contrary." *Liberty Mut. Fire Ins. Co. v. Fluor Enterprises, Inc.*, No. 08-5166, 2012 WL 255763, at *4 (E.D. La. Jan. 27, 2012) (Vance, J.). United Fire emphasizes "absent a clear agreement to the contrary," but fails to identify any portion of the contracts at issue that constitute such a "clear agreement." United Fire offers no logical way around its previous concession that portions of the defense obligations "overlap."[9] United Fire also fails to engage with the portions of the Louisiana Civil Code on which the Court's decision was based.[10]

A party's feeling that a ruling is unfair is hardly an extraordinary circumstance. *Rogers*, 670 F. App'x at 387. Moreover, the Court will not grant Rule

---

*Lab'ys, L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 414 (5th Cir. 2020) (quotation and citation omitted).

[9] United Fire offers an extended analogy of seven individuals, six of whom are employees of a single company, sharing a meal and splitting the bill for an appetizer such that the employer of the six individuals pays 6/7 of the cost. This analogy—besides being simply a repackaged version of arguments previously offered to the Court—is inapt. The defense costs in this matter overlap because, as was previously briefed, the portion of defense costs that relate to liability would be the same regardless of how many claims were asserted, and regardless of by whose employees those claims were asserted. That portion of the defense costs therefore cannot be divided among the claimants in the manner that an appetizer would be shared among diners. Moreover, in the instant motion, United Fire again recognizes that the defense costs at issue are "overlapping," and notes that those defense costs that "pertain[ ]to each claimant's medical issues or claims for damages[ ] have been paid on a per-claimant basis." R. Doc. No. 284-1, at 2. United Fire has missed the main course.

[10] *See* R. Doc. No. 244, at 4–9 (discussing at length the application of the Louisiana Civil Code to this dispute).

60(b) relief to a party who attempts to re-urge arguments previously considered and rejected by the Court. *See id.*; *Walker*, 2022 WL 17167954, at *2. Accordingly, United Fire's motion will be denied.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that United Fire's motion[11] is **DENIED**.

New Orleans, Louisiana, May 18, 2023.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[11] R. Doc. No. 284.