UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF　　　　　　　　　　　　　　　　　CIVIL ACTION
ARIES MARINE
CORPORATION ET AL　　　　　　　　　　　　　　　　No. 19-10850
　　　　　　　　　　　　　　　　　　　　　　　　　　　c/w 19-13138
　　　　　　　　　　　　　　　　　　　　　　　　　REF: ALL CASES

　　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION I

### ORDER & REASONS

Before the Court is a motion[1] filed by Fieldwood Energy LLC ("Fieldwood") for leave to file a second untimely motion for summary judgment. The motion is unopposed. For the reasons below, the Court denies the motion.

The scheduling order in this matter originally provided that all dispositive motions were to be filed in time to permit hearing thereon no later than November 30, 2022.[2] Nine motions for summary judgment were filed in compliance with that deadline.[3] Among those motions was a motion by Fieldwood to dismiss the claims of the personal injury claimants against Fieldwood.[4] The Court denied that motion, finding a genuine issue of material fact precluded summary judgment in Fieldwood's favor because the "[c]laimants' expert opines that 'it is highly likely that either soil samples exist for this location or penetrations for those rigs was known by the

---

[1] R. Doc. No. 304.
[2] R. Doc. No. 117, at 1.
[3] R. Doc. Nos. 151, 153, 154, 158, 159, 160, 161, 164, 169.
[4] R. Doc. No. 161.

operator, Fieldwood,' and that 'if there was previous field knowledge of soil conditions or penetrations of previous units . . . failure to provide this was contributory to the failure of the'" vessel.[5] The Court determined that "[i]f credited, these opinions would permit (though they by no means require) a finding that Fieldwood had notice of allegedly hazardous conditions and thereby contributed to the failure of the RAM XVIII."[6]

After the Court ruled on the timely motions for summary judgment, certain parties, including Fieldwood, filed an opposed motion for leave to file an additional, untimely motion for summary judgment,[7] and an opposed motion to continue the trial to allow time for consideration of that motion.[8] The movants stated that the proposed motion would "clarify the law applicable" to the relevant dispute[9] and that the movants, including Fieldwood, believed that "the last impediment to getting this matter resolved" was the issue to be addressed in that motion.[10] The Court granted the motion for leave to file the untimely motion for summary judgment and continued the trial without date.[11] Fieldwood, among other parties, subsequently filed that motion for summary judgment, which is currently pending.[12]

---

[5] R. Doc. No. 243, at 6.
[6] *Id.* at 6–7.
[7] R. Doc. No. 264 ("Joint Motion for Leave to File Fieldwood Group's Motion for Summary Judgment to Enforce Waiver of Subrogation").
[8] R. Doc. No. 266 (motion to continue trial).
[9] R. Doc. No. 264-18, at 3
[10] R. Doc. No. 266, at 2.
[11] R. Doc. No. 280.
[12] R. Doc. No. 281.

In the instant motion, Fieldwood asserts that it should be granted leave to file a second untimely motion for summary judgment "directed to the undisputed material facts that it had no information concerning soil samples, but it did have information concerning leg penetrations of other liftboats . . . which information was provided to Aries."[13]

As Fieldwood notes, requests to modify a Court's scheduling order are governed by Federal Rule of Civil Procedure 16(b)(4), which states that "[a] schedule may be modified only for good cause and with the judge's consent." "To show good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Squyres v. Heico Cos., LLC*, 782 F.3d 224, 237 (5th Cir. 2015) (cleaned up). In considering such requests, courts in the Fifth Circuit examine four factors: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Id.*

A district court's discretion to modify a scheduling order "is exceedingly wide" and the "court must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (citation and quotation omitted).

Fieldwood's explanation for its failure to comply with the scheduling order is unsatisfactory. The issue of Fieldwood's knowledge with respect to soil conditions and

---

[13] R. Doc. No. 304-1, at 3.

penetrations of previous vessels was presented in connection with its prior motion for summary judgment, and Fieldwood does not explain why it did not present the allegedly salient evidence in connection with that motion. There is no dispute that the expert report was available at the time of Fieldwood's original motion for summary judgment.[14] The first factor of the Rule 16(b)(4) analysis therefore weighs against granting leave. *Squyres*, 782 F.3d at 237.

As to the second factor, Fieldwood asserts that the proposed motion is important because it could reduce the issues to be considered by the Court at trial. That notion, however, is premised on the belief that the Court would grant the motion and dismiss claimants' claims against Fieldwood, which is no sure thing. If the Court were to deny the motion, the issues to be considered by the Court at trial would not be reduced at all. The Court therefore finds that the second factor likewise weighs against granting leave. *Squyres*, 782 F.3d at 237.

As noted, in considering requests to modify a scheduling order, the "[C]ourt must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber*, 221 F.3d at 736. The Court finds that, given the above-described context of this matter and the fact that two of the Rule 16(b)(4) factors weigh against the proposed modification, expending further resources on Fieldwood's proposed motion is not warranted. Accordingly,

**IT IS ORDERED** that Fieldwood's motion[15] is **DENIED**.

---

[14] *See* R. Doc. No. 232, at 4–5 (Fieldwood's reply in support of its original motion for summary judgment, discussing the opinions of claimants' expert).
[15] R. Doc. No. 204.

4

5

New Orleans, Louisiana, May 19, 2023.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

5