UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF                                                CIVIL ACTION
ARIES MARINE
CORPORATION, ET AL.                                             No. 19-10850
                                                                         c/w 19-13138
                                                                        REF: ALL CASES

SECTION I

**ORDER & REASONS**

Before the Court are two motions, filed by Louisiana Workers' Compensation Corporation ("LWCC")[1] and American Longshore Mutual Association ("ALMA"),[2] respectively, for reconsideration of this Court's order and reasons[3] granting summary judgment to Fieldwood Energy, LLC ("Fieldwood"), Aries Marine Corporation ("Aries"), Gilberto Gomez Rozas, Lee Bob Rose, Ronald Williams, Gabriel Vilano, and Tomas Arce Perez ("personal injury claimants") (collectively, "Fieldwood Group"). Fieldwood Group opposes the motions.[4] For the reasons below, the Court grants LWCC's motion and grants in part and denies in part ALMA's motion.

I.     FACTUAL BACKGROUND

As the Court has previously explained, this matter arises from a 2018 incident in which the liftboat RAM XVIII listed and capsized in the Gulf of Mexico. As relevant here, LWCC and ALMA each issued Longshore and Harbor Workers' Compensation

---

[1] R. Doc. No. 313.
[2] R. Doc. No. 315.
[3] R. Doc. No. 312.
[4] R. Doc. No. 317 (joint opposition to both motions).

Act ("LHWCA") policies to companies whose employees have asserted personal injury claims in this matter. The Court recently granted summary judgment to Fieldwood Group on the issue of whether LWCC and ALMA waived their rights of subrogation in connection with those polices. In ruling on the motion, the Court found that (1) LWCC and ALMA had executed waivers of subrogation in the insurance contracts, (2) those waivers were not voided by state law, and (3) Aries and the personal injury claimants were "invitees" of Fieldwood, such that the waivers of subrogation applied to them.

In connection with the finding that Aries was an "invitee" of Fieldwood the Court "conclude[d] that Aries, via the RAM XVII, went onto Fieldwood's premises (the platform) with the invitation of Fieldwood (expressed via the agreement between Aries and Fieldwood) on the business of Fieldwood or for their mutual advantage."[5] The Court wrote that "it is undisputed that Fieldwood expressly contracted with Aries for use of the RAM XVIII and that the vessel attached itself to Fieldwood's platform in connection with the work contracted for by Fieldwood."[6]

Fieldwood Group's motion for summary judgment requested that the Court "dismiss the Claim of Alma" and "the Claim of LWCC" with prejudice.[7] In its order and reasons, the Court did so.[8]

---

[5] R. Doc. No. 312, at 18.
[6] *Id.*
[7] R. Doc. No. 281, at 2.
[8] R. Doc. No. 312, at 18–19.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment.[9] Rule 59(e) motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

"A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; [or] (4) the motion is justified by an intervening change in the controlling law." *Jupiter v. BellSouth Telecomms., Inc.*, No. 99-0628, 1999 WL 796218, at *1 (E.D. La. Oct. 5, 1999) (Vance, J.) (internal quotation marks omitted). "A manifest error is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Puga v. RCX Sols., Inc.*, 922 F.3d 285, 293 (5th Cir. 2019) (quotation and citations omitted).

---

[9] Both of the instant motions were filed within the applicable timeline.

### III.   ANALYSIS

#### a. LWCC's Motion

LWCC asserts that, the waiver of subrogation issue notwithstanding, it has valid claims pursuant to 33 U.S.C. § 933(f) which should not have been dismissed in the Court's order and reasons. Subsection 933(f) provides that "[i]f the person entitled to compensation institutes proceedings [against a third party] the employer shall be required to pay as compensation under this chapter a sum equal to the excess of the amount which the Secretary determines is payable on account of such injury or death over the net amount recovered against such third person." Subsection 933(h), by contrast, provides that "[w]here the employer is insured and the insurance carrier has assumed the payment of the compensation, the insurance carrier shall be subrogated to all the rights of the employer under this section."

"Waiver of subrogation rights does not exhaust an employer's interest in a settlement between an employee and such a third-party." *Jackson v. Land & Offshore Servs., Inc.*, 855 F.2d 244, 246 (5th Cir. 1988). Accordingly, LWCC asserts, "[t]he waiver of subrogation enforced by this Court does not negate LWCC's right to offset any future [LHWCA] liability equal to the amount [of] the net tort recovery herein of Glenn Gibson."[10] In other words, the Court's order and reasons related to LWCC's claims made pursuant to § 933(h), but should not have affected those made pursuant to § 933(f).

---

[10] R. Doc. No. 313-1, at 3.

Fieldwood Group does not dispute LWCC's assertions regarding the distinction between claims pursuant to § 933(h) and § 933(f), and appears to agree that its motion for summary judgment did not pertain to claims pursuant to subsection (f). It argues, however, that "by merely raising that argument in a single paragraph in its opposition memorandum, without factual or legal citation . . . it was insufficiently briefed [ ] and therefore [is] waived."[11]

LWCC's opposition to the motion for summary judgment contained a single sentence asserting that it "retain[ed] the right to an offset against any future LHWCA liability equal to the amount the net tort recovery herein of Glenn Gibson."[12] That sentence did not reference § 933(f) or otherwise provide any factual or legal support for the assertion.[13] The Court agrees with Fieldwood Group that LWCC's briefing on this issue was less than clear. However, it also appears that dismissal of all of LWCC's claims pursuant to § 933(f) was legal error.[14] Accordingly, the Court will grant LWCC's motion and amend its prior order to reflect that the granting of the motion for summary judgment does not affect LWCC's claims made pursuant to that subsection.

---

[11] R. Doc. No. 317, at 5.
[12] R. Doc. No. 288, at 1.
[13] LWCC's claim in this matter likewise made no distinction between subsections (f) and (h). R. Doc. No. 22.
[14] It is not clear to the Court that any claims made pursuant to § 933(f) are ripe, as entitlement to such claims is based on a determination by the Secretary of Labor after recovery against a third party. As yet, no recovery has been made.

### b. ALMA's Motion

ALMA's motion sets forth three purported bases for reconsideration. First, ALMA argues that it was not an undisputed fact that the vessel was attached to the platform via a walkway. In support of this assertion, it points out that it listed this fact as "contested" in its statement of facts in connection with the summary judgment motion.[15] It further argues that the deposition testimony offered by Fieldwood Group in support of the assertion "does not conclusively establish that a gangway was ever in fact secured to the platform."[16]

Fieldwood Group responds that this argument is waived, as neither ALMA nor LWCC mentioned a factual dispute as to the walkway in their briefing regarding the original motion for summary judgment. Indeed, the only mention of this alleged dispute was in LWCC's statement of facts, which stated only that it was contested "insofar as the exhibit cited . . . does not establish this fact."[17] LWCC did not explain its basis for so asserting and cited no evidence contradicting Fieldwood Group's assertion. LWCC's failure to brief this issue in connection with the motion for summary judgment makes it an inappropriate basis for Rule 59(e) consideration. *See Templet*, 367 F.3d at 479; *Esparza v. Univ. Med. Ctr. Mgmt. Corp.*, No. 17-4791185,

---

[15] *See* R. Doc. No. 286-3, ¶ 24.
[16] R. Doc. No. 315-1, at 4. The evidence Fieldwood Group cited in support of its assertion that the vessel was connected via a walkway is deposition testimony by the vessel's captain, who stated that he instructed others to place the walkway between the vessel and the platform, and that "after [he] felt comfortable that everybody [was] okay[ and] the walkway [was] set up" he would have gone to bed. R. Doc. No. 281-15, at 5–6.
[17] R. Doc. No. 286-3, ¶ 24.

6

2017 WL 4791185, at *9 n.40 (E.D. La. Oct. 24, 2017) (Africk, J.) ("Judges are not like pigs, hunting for truffles buried in briefs." (quotation and citation omitted)). The Court therefore will not grant reconsideration on this basis.

Second, ALMA argues that Aries does not meet the definition of "invitee" under applicable precedent. The Court discussed the definition of "invitee" and applicable case law in its original order and reasons. ALMA's arguments in the instant motion take issue with this analysis, reiterating its argument as to whether the walkway was attached to the platform[18] and that, even if the walkway was present, the "connection is only temporary and does not change the status of the vessel" such that Aries would be considered an "invitee" of Fieldwood.[19] These arguments are simply rehashed versions of the arguments ALMA previously made, and are improper grounds for a Rule 59(e) motion. *Templet*, 367 F.3d at 479 (explaining that Rule 59(e) motions are not an opportunity to offer arguments that were or could have been previously made). Moreover, arguable legal points are not manifest error. *See Puga*, 922 F.3d at 293. Accordingly, the Court will not grant reconsideration on this basis.

Third, like LWCC, ALMA argues that it retains a right to claim future payments pursuant to § 933(f). LWCC's briefing on the summary judgment motion did not contain even the passing reference to this subsection that was offered by ALMA, and Fieldwood Group argues that the argument was therefore waived. Again, however, Fieldwood Group does not dispute the legal distinction between the

---

[18] R. Doc. No. 315-1, at 6.
[19] *Id.* at 7.

7

subsections or claims made pursuant to those subsections. Accordingly, for the reasons stated above with regard to LWCC's motion, the Court will grant ALMA's motion in this respect.

## IV.    CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that LWCC's motion for reconsideration is **GRANTED**, and the Court's prior order and reasons is amended to preserve LWCC's right to pursue claims pursuant to 33 U.S.C. § 933(f).

**IT IS FURTHER ORDERED** that ALMA's motion for reconsideration is **GRANTED** to the extent it seeks to amend the Court's order and reasons to preserve its right to pursue claims pursuant to 33 U.S.C. § 933(f).

**IT IS FURTHER ORDERED** that ALMA's motion is **DENIED** in all other respects.

New Orleans, Louisiana, August 1, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**