UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF<br>ARIES MARINE<br>CORPORATION ET AL. | CIVIL ACTION<br><br>No. 19-10850<br>c/w 19-13138<br>REF: ALL CASES<br><br>SECTION I |

## ORDER & REASONS

Before the Court is a motion[1] by United Fire & Safety, LLC ("United Fire") pursuant to Rule 54(b) of the Federal Rules of Civil Procedure for entry of final judgment on the issue of defense obligations. The motion is unopposed.[2] For the reasons set forth below, the Court denies the motion.

### I.   BACKGROUND

As the Court has previously explained, this matter arises from a 2018 incident in which a liftboat capsized in the Gulf of Mexico. Fluid Crane & Construction, Inc. ("Fluid Crane") and United Fire & Safety, LLC ("United Fire") are the employers of the personal injury claimants. Fluid Crane and United Fire each contracted with Fieldwood Energy, LLC ("Fieldwood") to provide certain services on a stationary platform owned by Fieldwood. These contracts contained defense and indemnity provisions pursuant to which Fluid Crane and United Fire agreed to provide defense

---

[1] R. Doc. No. 325.
[2] The motion was dated for submission on October 4, 2023. To date, no opposition has been filed by any party, and the deadline for filing any oppositions has passed.

and indemnity for claims asserted by their respective employees against other parties that contracted with Fieldwood.

Seven personal injury claimants asserted claims in the instant matter against, *inter alia*, Aries Marine Corporation ("Aries") and Fugro USA Marine, Inc. ("Fugro"). Six of the claimants were employees of Fluid Crane, and one was an employee of United Fire. The Court granted summary judgment for Fugro and dismissed all claims against Fugro.[3] Fugro remains a party to the action only for the purpose of seeking reimbursement from Fluid Crane and United Fire.[4]

Aries and Fugro both asserted entitlement to defense and indemnification from Fluid Crane and United Fire. In a motion for summary judgment, Fluid Crane requested that the Court order that the defense obligations be shared equally between Fluid Crane and United Fire.[5] The Court granted Fluid Crane's motion.[6] United Fire filed a motion for reconsideration,[7] which this Court denied.[8] United Fire now requests that the Court certify the order granting summary judgment on the division of defense expenses between Fluid Crane and United Fire as a final judgment so that United Fire can appeal that order.[9]

---

[3] R. Doc. 241, at 22.
[4] *Id.*
[5] R. Doc. No. 164.
[6] R. Doc. No. 244.
[7] R. Doc. No. 284.
[8] R. Doc. No. 307.
[9] R. Doc. No. 325-1, at 3.

## II.  STANDARD OF LAW

Rule 54(b) provides that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). This rule "is an exception to the general rule that a final judgment is appealable only after the adjudication of the rights and liabilities of all parties to a proceeding." *Akeem v. Dasmen Residential, LLC.,* No. 19-13650, 2021 WL 4806913, at *1 (E.D. La. Oct. 14, 2021) (Ashe, J.). In order to properly certify a Rule 54(b) final judgment, two prerequisites must be met.

First, the court must have fully disposed of one or more claims or parties. *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) (quoting Fed. R. Civ. P. 54(b)). "The judge's certification of one claim among multiple claims. . .must dispose of that claim *entirely.*" *Monument Mgmt. Ltd. P'ship I v. City of Pearl, Miss.*, 952 F.2d 883, 885 (5th Cir. 1992) (emphasis in original).

Second, the court must determine that there is no just reason for delay. *Eldredge*, 207 F.3d at 740, n.2; *Akeem*, 2021 WL 4806913, at *1. "Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid 'hardship or injustice through delay,' and 'should not be entered routinely as a courtesy to counsel.'" *Krutz v. Huntington Ingalls Inc.*, No. 20-1722, 2021 WL 5893980, at *1 (E.D. La. June 30, 2021) (Vance, J.) (quoting *PYCA Indus. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996)). In considering a

Rule 54(b) motion, the district court must "weigh the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." *Road Sprinkler Fitters Loc. Union v. Cont'l Sprinkler Co.*, 967 F.3d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)).

### III. ANALYSIS

In the present case, United Fire asks the Court to certify a judgment allocating defense costs between United Fire and Fluid Crane. United Fire argues that the judgment fully disposes of the claim between Fugro and United Fire by determining United Fire's contractual liability to Fugro.[10] The Court previously dismissed all claims against Fugro except its claims against Fluid Crane and United Fire to recover defense costs.[11] The Court explained that "Fluid Crane and United Fire may still owe defense costs to Fugro pursuant to *Meloy*." [12] *Meloy v. Conoco, Inc.*, 504 So. 2d 833 (La. 1987). The Court further explained that Fluid Crane and United Fire may also owe defense costs to Aries "if Aries is eventually found free of fault at trial."[13]

The Court need not address the first prerequisite necessary to enter a Rule 54(b) judgement because, with respect to the second prerequisite, the Court finds that the interest in avoiding piecemeal appeals outweighs the interest in avoiding delay. As mentioned previously, Rule 54(b) judgments should be "awarded only when

---

[10] R. Doc. No. 325-1, at 4.
[11] R. Doc. No. 239.
[12] R. Doc. No. 241, at 23.
[13] *Id.*

4

necessary to avoid 'hardship or injustice through delay,' and 'should not be entered routinely as a courtesy to counsel.'" *Krutz*, 2021 WL 5893980, at *1 (quoting *PYCA Indus.*, 81 F.3d at 1421)). United Fire has not shown any danger of hardship or injustice through delay. A prerequisite necessary to certify an entry of final judgment with respect to the issue of division of defense fees between United Fire and Fluid Crane has not been satisfied. Accordingly,

**IT IS ORDERED** that the motion for entry of judgment pursuant to Rule 54(b) is **DENIED.**

New Orleans, Louisiana, October 5, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**