UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN THE MATTER OF ARIES MARINE CORPORATION, ET AL.** | **CIVIL ACTION**<br><br>NO. 19-10850 c/w NO. 19-13138<br><br>SECTION "O" |

### ORDER AND REASONS

Before the Court in this limitation-of-liability action is Petitioner Aries Marine Corporation's second motion[1] for reconsideration of Judge Africk's order and reasons[2] granting in part and denying in part motions for summary judgment filed by Aries, Fugro USA Marine, United Fire and Safety, LLC, and Fluid Crane and Construction, Inc. That order and reasons held that United Fire and Fluid Crane do not owe Aries contractual indemnity for personal-injury claims brought by Fluid Crane and United Fire employees because the indemnity provisions are unenforceable under Louisiana law. That enforceability holding turned on Judge Africk's conclusion that federal law does not govern because the contracts are not maritime contracts under the two-step test announced in *In re Larry Doiron, Inc.*, 879 F.3d 568 (5th Cir. 2018) (en banc). Aries now asks the Court to reconsider that conclusion because Aries says that a panel opinion applying *Doiron*—*Earnest v. Palfinger Marine U S A, Inc.*, 90 F.4th 804 (5th Cir. 2024)—is an "intervening change in controlling law" that confirms that the relevant contracts are maritime, that federal law applies, and thus that the indemnity provisions are enforceable.

---

[1] ECF No. 332.
[2] ECF No. 241.

Aries has not persuaded the Court that it should exercise its broad discretion under Federal Rule of Civil Procedure 54(b) to reconsider Judge Africk's thorough and well-reasoned order and reasons—an order and reasons (1) that Judge Africk has already declined to reconsider, and (2) that issued nearly 14 months before Aries filed its latest motion to reconsider, after this case was reallotted to Section "O." Nor has Aries shown that *Earnest*—a panel opinion applying *Doiron*—amounts to "an intervening change in controlling law" that calls into question Judge Africk's application of *Doiron*—the en banc opinion that *is* the "controlling law" on the question whether a contract is a maritime contract. Accordingly, for these reasons and those that follow, Aries's second motion for reconsideration is **DENIED**.

**I. BACKGROUND**

The facts material to Aries's second motion for reconsideration are detailed in Judge Africk's original summary-judgment ruling[3] and in Judge Africk's ruling[4] denying Aries's first motion for reconsideration. The Court will not re-state all of those facts here. In short, this is a limitation-of-liability action that arises from the capsizing of the liftboat RAM XVIII in the Gulf of Mexico.[5] Aries owned and operated the RAM XVIII; Fieldwood Energy, LLC chartered it.[6] Fugro provided data and imaging of the sea floor on which the Ram XVIII was placed.[7] Fluid Crane and United Fire employed the personal-injury claimants in this limitation action.[8]

---

[3] ECF No. 241.
[4] ECF No. 297.
[5] ECF No. 241 at 2.
[6] *Id.*
[7] *Id.*
[8] *Id.*

2

After the vessel capsized, Aries petitioned for exoneration from or limitation of liability.[9] The personal-injury claimants filed claims in the limitation action, and they separately sued Fugro and Fieldwood in Civil Action No. 19-13138.[10] The cases were consolidated.[11] Aries brought a counterclaim against Fluid Crane and a third-party complaint against United Fire, alleging Aries is owed defense and indemnity under contracts between Fieldwood and Fluid Crane and between Fieldwood and United Fire.[12] Those contracts generally provided that each entity would indemnify the other entities from claims asserted by their own employees and would be responsible for the defense costs for such claims.[13] Because the personal-injury claimants were employed either by Fluid Crane or United Fire, only Fluid Crane's and United Fire's defense and indemnity obligations were potentially triggered.[14]

After various preliminaries not strictly relevant here, Fugro, Aries, Fluid Crane, and United Fire moved for summary judgment on the indemnity issue. All parties to those motions agreed on three points: (1) the merits of the motions turn on whether the indemnity provisions are enforceable;[15] (2) the enforceability of the indemnity provisions depends on whether Louisiana law or federal-maritime law applies;[16] and (3) whether Louisiana law or federal-maritime law applies depends on whether the contracts are maritime contracts under *Doiron*'s two-step test.[17] If

---

[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.* at 4.
[14] *Id.*
[15] *Id.* at 4–5.
[16] *Id.*
[17] *Id.* at 10.

3

the contracts did not qualify as maritime contracts, then Louisiana law would apply, and the Louisiana Oilfield Anti-Indemnity Act would bar enforcement of the indemnity provisions.[18] But if the contracts did qualify as maritime contracts, federal-maritime law would apply, the indemnity provisions would be enforceable, and Fluid Crane and United Fire would be required to indemnify Aries, Fugro, and Fieldwood for the claims brought by the Fluid Crane and United Fire employees.[19]

In a 24-page order and reasons, Judge Africk granted Fluid Crane's and United Fire's motions for summary judgment as to indemnity and denied Aries's and Fugro's motions for summary judgment as to indemnity.[20] As relevant here, Judge Africk concluded that the contracts did not qualify as maritime contracts under *Doiron*'s second step.[21] That second step required Judge Africk to decide if (A) the contracts provided, or (B) the parties expected, that a vessel would play a substantial role in the completion of the contracts. *See Doiron*, 879 F.3d at 576.

Judge Africk answered "no" to both questions. As for the contracts themselves, Judge Africk held "[u]nequivocally" that the contracts "did not provide that a vessel would play a substantial role."[22] As for the parties' expectations, Judge Africk reasoned that there was "sufficient evidence to conclude that Aries and Fugro expected the vessel to play a substantial role in the completion of the contract," but there was "no evidence that establishes that Fluid Crane or United Fire shared that

---

[18] *Id.* at 5.
[19] *Id.*
[20] *Id.* at 1–24.
[21] *Id.* at 10–17.
[22] *Id.* at 13.

4

expectation."[23] Judge Africk thus concluded that it "ha[d] not been shown that *the parties* shared an expectation that the vessel would play a substantial role."[24] Accordingly, because Judge Africk concluded that (A) the contracts did not provide that a vessel would play a substantial role, and (B) the parties did not expect that a vessel would play a substantial role, Judge Africk held that *Doiron*'s second step was not met, and the contracts were not maritime contracts.[25] Judge Africk found it "unnecessary to examine the extent to which the vessel was used during the work" because Judge Africk considered it "clear that Fluid Crane and United Fire did not expect the RAM XVIII to play a substantial role in the completion of the work."[26]

Aries later moved Judge Africk to reconsider his summary-judgment ruling on the indemnity issue.[27] Aries raised two grounds for reconsideration.[28] First, Aries contended that Judge Africk committed manifest error in disregarding Fieldwood's expectations about whether a vessel would play a substantial role in the completion of the relevant contracts.[29] And second, Aries contended that Judge Africk committed manifest error in disregarding the substantial use of the RAM XVIII.[30]

Judge Africk denied reconsideration in an order and reasons that carefully considered and rejected both asserted grounds for reconsideration.[31] As for the first ground, Judge Africk explained that discussing Fieldwood's expectations "would not

---

[23] *Id.* at 14.
[24] *Id.* at 16 (emphasis added).
[25] *Id.* at 17.
[26] *Id.*
[27] ECF No. 260.
[28] *Id.* at 1–6.
[29] *Id.* at 2–3.
[30] *Id.* at 4–6.
[31] ECF No. 297.

5

have changed [his] analysis" because *Doiron*'s second step asks if "the *parties* expected that the vessel would play a substantial role," and "no party pointed to evidence that United Fire and Fluid Crane expected" the vessel to play a substantial role.[32] As for the second ground, Judge Africk explained that he "found it unnecessary to address the use of the vessel" because he "determined that Aries did not provide evidence to support the contention that United Fire and Fluid Crane—the parties against whom Aries sought to enforce the indemnification provisions—had an expectation of substantial use of a vessel."[33] Accordingly, because Judge Africk concluded that reconsideration was not warranted on either asserted ground, Judge Africk denied Aries's first motion for reconsideration.[34]

Now, Aries again moves for reconsideration of Judge Africk's summary-judgment ruling on indemnity.[35] Aries's latest reconsideration request comes nearly 14 months after Judge Africk's original summary-judgment ruling, over 11 months after Judge Africk's denial of Aries's first motion to reconsider, and a few months after this case was reallotted to Section "O."[36] Aries contends that reconsideration is merited because *Earnest*—a panel opinion applying *Doiron*—amounts to an "intervening change in controlling law" that confirms the contracts are maritime contracts under *Doiron*'s second step.[37] Fluid Crane and United Fire oppose.[38]

---

[32] *Id.* at 6 (emphasis in original).
[33] *Id.* at 7–8.
[34] *Id.* at 8.
[35] ECF No. 332.
[36] *See* ECF No. 241 (February 3, 2023 summary-judgment ruling); ECF No. 297 (April 24, 2023 denial of Aries's first motion for reconsideration); ECF No. 328 (December 28, 2023 order transferring this case from Section "I" to Section "O").
[37] ECF No. 332-1 at 1–4.
[38] ECF No. 352 (United Fire); ECF No. 353 (Fluid Crane).

6

## II. LEGAL STANDARD

Aries and United Fire mistake the standard governing Aries's motion for reconsideration. They invoke Rule 59(e),[39] but Rule 54(b) governs because Aries moves the Court to reconsider an interlocutory order—not a judgment. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (per curiam). Rule 54(b) governs motions to reconsider interlocutory orders; Rule 59(e) governs motions to reconsider judgments. *Id.* The order and reasons[40] is interlocutory "because it did not end the action[.]" *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018). It "adjudicate[d] fewer than all the claims [and] the rights and liabilities of fewer than all the parties" to this multi-party limitation-of-liability case. FED. R. CIV. P. 54(b).

Rule 54(b) permits the Court to "revise at any time any order or other decision that does not end the action." *Austin*, 864 F.3d at 336 (internal quotation marks, citation, and alterations omitted). "Under Rule 54(b), the [Court] is free to reconsider and reverse its [interlocutory] decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* (internal quotation marks and ciation omitted).

Sections of this Court have said that "the precise standard" governing Rule 54(b) motions to reconsider interlocutory orders "is unclear." *Namer v. Scottsdale Ins. Co.*, 314 F.R.D. 392, 393 (E.D. La. 2016) (Africk, J.); *accord, e.g.*, *Bernard v. Grefer*, No. 14-CV-887, 2015 WL 3485761, at *5 (E.D. La. June 2, 2015) (Fallon, J.). What is clear, however, is that Rule 54(b) reconsideration is "within the [Court's]

---

[39] *See, e.g.*, ECF No. 332 at 1 (Aries moving for reconsideration "pursuant to Rule 59(e)"); ECF No. 352 at 3–4 (United Fire citing Rule 59(e) and Rule 60).

[40] ECF No. 241.

7

broad discretion." *Koeppel v. Hartford Accident & Indem. Co.*, 608 F. Supp. 3d 398, 402 (E.D. La. 2022) (Vance, J.). Rule 54(b) reconsideration is "more flexible" and less exacting than Rule 59(e) reconsideration. *See Austin*, 864 F.3d at 337. But "courts look to similar considerations" when evaluating motions to reconsider under Rule 54(b) and Rule 59(e). *Koeppel*, 608 F. Supp. 3d at 402 *(*internal quotation marks and citations omitted). For example, like a Rule 59(e) motion, a Rule 54(b) motion "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'" *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).

Beyond Rule 54(b), the law-of-the-case doctrine informs motions to reconsider where, as here, "one judge has rendered an order or judgment and the case is then transferred to another judge." *United States v. O'Keefe*, 128 F.3d 885, 891 (5th Cir. 1997). The law-of-the-case doctrine requires courts to "show deference to decisions already made in the case they are presiding over." *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 677 F.3d 720, 727 (5th Cir. 2012). But it does not "prevent a district court from reconsidering prior rulings." *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 171 (5th Cir. 2010). "[W]hen a successor judge replaces another judge, the successor judge has the same discretion as the first judge to reconsider the first judge's order." *Stoffels*, 677 F.3d at 728 (internal quotation marks, citation, and alterations omitted). "In exercising that discretion," however, "successor judges should[ ] . . . carefully and respectfully consider the conclusions of prior judges before deciding to overturn them." *Id.* (citations omitted).

8

### III. ANALYSIS

For the second time, Aries moves to reconsider Judge Africk's summary-judgment ruling on indemnity.[41] Aries's only argument is that *Earnest* is an "intervening change in controlling law" that "compels" the Court to conclude that the relevant contracts are maritime contracts under *Doiron*.[42] The Court disagrees.

*Doiron*—a unanimous opinion of the en banc Fifth Circuit—is the controlling law in this Circuit on whether a contract is a maritime contract. *See* 879 F.3d at 576–77. A contract is a maritime contract under *Doiron* if two conditions are met: (1) "the contract [is] one to provide services to facilitate the drilling or production of oil and gas on navigable waters"; and (2) "the contract provide[s] or . . . the parties expect that a vessel will play a substantial role in the completion of the contract." *Id.* at 576. No party contests that Judge Africk applied *Doiron*'s indisputably controlling two-part test to hold that the contracts are not maritime contracts.[43]

*Earnest* could not have changed the controlling two-part test Judge Africk applied under *Doiron*. *Doiron* is an en banc opinion; *Earnest* is a panel opinion. A panel opinion cannot overrule an en banc opinion. *See, e.g.*, *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014) (noting that en banc precedent binds future panels); *United States v. Ochoa–Gomez*, 777 F.3d 278, 283 (5th Cir. 2015) (recognizing that panels "are bound by" en banc precedent); *Planned Parenthood of Greater Tex. Fam. Plan. & Preventative Health Servs., Inc. v. Kauffman*, 981 F.3d 347, 369 (5th Cir. 2020) (en banc) (noting that a panel opinion does not bind the en

---

[41] ECF No. 332.
[42] ECF No. 332-1 at 1–2.
[43] ECF No. 241 at 10–17.

banc court). So, as a matter of law, *Doiron* cannot be "an intervening change" in the controlling test *Doiron* announced. For this reason alone, Aries has not carried its burden to persuade the Court that it should exercise its broad discretion under Rule 54(b) to reconsider Judge Africk's summary-judgment ruling on indemnity.

Even if *Earnest* could have changed *Doiron*'s controlling two-part test, Aries has not shown that *Earnest* in fact did so. To qualify as "an intervening change" in *Doiron*, *Earnest* must have "alter[ed] the substantive" standard *Doiron* set for deciding whether a contract is maritime. *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 568 n.3 (5th Cir. 2003). *Earnest* did not do so. *Earnest* held that a contract to inspect and repair lifeboats on an Outer Continental Shelf platform was a maritime contract. 90 F.4th at 806. In so holding, *Earnest* did not purport to alter the substantive standard *Doiron* set; *Earnest* dutifully applied *Doiron*'s test. *See id.* at 812–14. *Earnest* "merely confirmed" that *Doiron*'s test continues to control the question whether a contract is maritime. *Schiller*, 342 F.3d at 568 n.3. If anything, *Earnest*'s dutiful application of *Doiron* amounts to an "express[ ] reaffirm[ation]" of *Doiron*—not an "intervening change" in *Doiron*. *Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 601 (5th Cir. 2021). For this independent reason, Aries has not carried its burden to persuade the Court that it should exercise its broad discretion under Rule 54(b) to reconsider Judge Africk's summary-judgment ruling on indemnity.

Even if Aries had shown that (1) *Earnest* could have changed *Doiron*'s controlling two-part test, and (2) *Earnest* in fact changed that test, Aries's argument would still fail for a third independent reason: Aries has not shown that any

10

supposed change in *Doiron* would have materially altered Judge Africk's maritime-contract analysis. Aries says *Earnest* offers three "critical clarification[s]" of *Doiron*'s test: (1) "courts should employ a conceptual rather than a spatial analysis"; (2) "courts should focus on what is considered 'classically maritime' in evaluating the role of a vessel"; and (3) "the location of the work being performed under a contract is inconsequential."[44] But even if the Court assumes *arguendo* that Aries accurately describes *Earnest*'s interplay with *Doiron*, Aries still has not persuaded the Court that any of *Earnest*'s supposed "clarification[s]" of *Doiron* would have compelled a conclusion that the contracts are maritime under *Doiron*'s second step.

As for the first supposed "clarification," Aries has not shown that Judge Africk applied a "spatial analysis" of the sort *Earnest* rejected. The "spatial analysis" *Earnest* rejected was the elevation of "where the work was conducted" over "the nature and character" of the contract itself. 90 F.4th at 813 (internal quotation marks and citation omitted). Aries has not shown that Judge Africk committed that analytical error. His summary-judgment opinion, along with his reconsideration ruling adhering to that opinion, correctly concentrate on the contracting parties' expectations; those rulings do not rest on "where the work was conducted."[45] *Id.*

As for the second supposed "clarification," Aries has not shown that Judge Africk would have, or should have, reached a different result had he explicitly considered "what is . . . 'classically maritime' in evaluating the role of [the] vessel."[46] To the extent Aries contends that Judge Africk would have concluded that the

---

[44] ECF No. 332-1 at 3.
[45] ECF No. 241 at 10–17; ECF No. 297 at 5–8.
[46] ECF No. 332-1 at 3.

11

contracts are maritime contracts under *Doiron* had he explicitly considered whether the contracts themselves gave the vessel a substantial role, *see Earnest*, 90 F.4th at 813, Aries forfeited that argument "by failing to raise it until its [second] motion for reconsideration." *Mieco, L.L.C. v. Pioneer Nat. Res. USA, Inc.*, 109 F.4th 710, 717 n.5 (5th Cir. 2024). The argument stems from *Doiron*—not *Earnest*. *See Earnest*, 90 F.4th at 813 (citing *Doiron*, 879 F.3d at 576). That means the argument was available to Aries during the briefing on the indemnity motions. Yet Aries did not make the argument in its opening summary-judgment brief;[47] it did not make it in its summary-judgment opposition;[48] nor did it make it in its first motion[49] for reconsideration. The argument is forfeited. *See Mieco, L.L.C.*, 109 F.4th at 717 n.5.

As for the third supposed "clarification," Aries has not shown that Judge Africk's maritime-contract analysis erroneously focused on "the location of the work being performed under [the] contract."[50] As noted above, Judge Africk's *Doiron* step-two analysis correctly concentrated on the parties' expectations;[51] it did not hinge entirely on "the location of the work being performed under [the] contract."[52]

In sum, Aries has not shown that any of *Earnest*'s supposed "clarification[s]" of *Doiron* compelled Judge Africk to conclude that the contracts are maritime contracts under *Dorion*'s second step. For this third independent reason, Aries has

---

[47] ECF Nos. 158 & 158-2.
[48] ECF No. 184.
[49] ECF Nos. 260 & 260-1.
[50] ECF No. 332-1 at 3.
[51] ECF No. 241 at 10–17.
[52] ECF No. 332-1 at 3.

not carried its burden to persuade the Court that it should exercise its broad discretion under Rule 54(b) to reconsider Judge Africk's summary-judgment ruling.

Finally, the Court notes that its denial of Aries's second motion to reconsider Judge Africk's summary-judgment ruling places it in good company. Another section of this Court recently rejected essentially the same argument that Aries makes here—*i.e.*, that *Earnest* is an "intervening change in controlling law" meriting Rule 54(b) reconsideration of a summary-judgment ruling that a contract is not maritime under *Doiron*'s second step. *See In re Offshore Oil Servs., Inc.*, No. 21-CV-1522, 2024 WL 4252746, at *2 (E.D. La. Sept. 20, 2024) (Papillion, J.).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Aries's second motion[53] for reconsideration is **DENIED**. Aries's motion[54] for leave to file a supplemental memorandum in support of its second motion for reconsideration is **DENIED AS MOOT**.

New Orleans, Louisiana, this 1st day of November, 2024.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[53] ECF No. 332.

[54] ECF No. 444. The proposed supplemental memorandum merely advises that the Supreme Court denied certiorari in *Earnest*. ECF No. 444-3 at 1; *see Shell Offshore Inc. v. Palfinger Marine USA, Inc.*, No. 23-1246, 2024 WL 4426611, at *1 (U.S. Oct. 7, 2024) (Mem.). That the Supreme Court denied certiorari in *Earnest* does not affect the Court's reasoning, analysis, or conclusion. And in any event, the denial of certiorari carries no precedential weight, *see Alpha/Omega Ins. Servs., Inc. v. Prudential Ins. Co. of Am.*, 272 F.3d 276, 281 (5th Cir. 2001) (quoting *Fernandez v. Chardon*, 681 F.2d 42, 51 n.7 (1st Cir. 1982)), and "does not constitute a ruling on the merits," *Barber v. Tennessee*, 513 U.S. 1184 (1995) (Stevens, J., respecting the denial of certiorari).

13