UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF ARIES  CIVIL ACTION
MARINE CORPORATION, ET AL.

NO. 19-10850 c/w NO. 19-13138

SECTION "O"

**ORDER AND REASONS**

Before the Court in this limitation-of-liability action arising from the capsizing of the liftboat RAM XVIII is Petitioner Aries Marine Corporation's motion[1] to exclude the testimony of two of Claimants' experts—vocational-rehabilitation specialist Glenn Hebert and economist G. Randolph Rice—under Federal Rule of Evidence 702 and *Daubert v Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Hebert opines about the earning capacity Claimants lost due to injuries allegedly caused by the RAM XVIII's capsizing.[2] Rice relies on Hebert's opinions to calculate Claimants' future-wage losses, the cost of their future medical care, and other items of damages.[3]

Aries contends that the Court should exclude Hebert's and Rice's opinions under Rule 702 and *Daubert* because they are unreliable.[4] As for Hebert, Aries observes that other federal courts have "rejected" his opinions.[5] Aries contends that (1) Hebert's opinions about Claimant Luis Jimenez's future lost wages are unreliable because Hebert is not qualified to opine on wage rates in the Mexican labor market;[6]

---

[1] ECF No. 420.
[2] *See, e.g.*, ECF No. 420-2.
[3] *See, e.g.*, ECF No. 420-3 at 25–30.
[4] ECF No. 420-1 at 1–13.
[5] *Id.* at 4–8.
[6] *Id.* at 8–9.

(2) Hebert's opinions about the cost of Jimenez's future surgeries are unreliable because Jimenez has testified that he is "not seeking further surgery," and Jimenez's doctor has not recommended surgeries of the sort discussed in Hebert's report;[7] and (3) Hebert's opinions about the cost of Claimant Glen Gibson's future lumbar fusion are unreliable because Gibson's doctor has not recommended that Gibson undergo that procedure.[8] As for Rice, Aries briefly contends that the Court should exclude his opinions because they are based on Hebert's unreliable opinions.[9] Claimants oppose.[10]

This case is set for a bench trial.[11] The purpose of a *Daubert* motion is "to ensure that only reliable and relevant expert testimony is presented *to the jury*." *Rushing v. Kan. City S. Ry. Co.*, 185 F.3d 496, 506 (5th Cir. 1999) (emphasis added) (citing *Daubert*, 509 U.S. at 590–93), *superseded by amendment*, FED. R. EVID. 103(a), *on other grounds, as recognized in Mathis v. Exxon Corp.*, 302 F.3d 448, 459 n.16 (5th Cir. 2002). "Most of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). That is because "the gatekeeper and the trier of fact [in a bench trial] are the same," and "the Court is capable of assessing the probative value of the evidence and the weight [each expert's] testimony should be given." *Stewart Dev., LLC v. 111 Veterans Blvd., LLC*, No. 23-CV-2085, 2024 WL 4799754, at *2 (E.D. La. Nov. 15, 2024) (Long, J.) (internal

---

[7] *Id.* at 9–11.
[8] *Id.* at 11.
[9] *Id.* at 11–12.
[10] ECF No. 430.
[11] ECF No. 331 at 6.

quotation marks and citation omitted). What is more, "*Daubert* requires a binary choice—admit or exclude—and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves." *Id.* (internal quotation marks and citation omitted).

Applying those principles here, the Court denies Aries's *Daubert* motion to exclude Hebert's and Rice's expert testimony at this time.[12] Aries has not persuaded the Court that the alleged flaws in Hebert's and Rice's expert opinions cannot be adequately attacked through "[v]igorous cross-examination, presentation of contrary evidence, and careful [attention to] the burden of proof." *Daubert*, 509 U.S. at 596. The "danger that the factfinder will place improper weight on [the experts'] opinions is not implicated here" because the Court "is capable of assessing the probative value of the evidence and the weight [each expert's] testimony should be given." *Talley v. United States*, No. 21-CV-1509, 2023 WL 2881293, at *3 (E.D. La. Mar. 16, 2023) (Morgan, J.) (citation omitted). "If, after presentation of all of the evidence, the Court finds these experts' opinions to be unreliable, the Court can, and will, exclude such evidence from its consideration." *Magee v. Fla. Marine, LLC*, No. 22-CV-3835, 2024 WL 3457604, at *8 (E.D. La. July 18, 2024) (Papillion, J.) (citation omitted).

---

[12] *Accord Deville v. Comar Marine Corp.*, No. 08-CV-4104, 2009 WL 1870896, at *1 (E.D. La. June 25, 2009) (Barbier, J.) (denying *Daubert* motion in a case set for a bench trial because "the objectives of *Daubert* . . . are no longer implicated," and the targeted testimony could be adequately attacked through cross-examination and the presentation of contrary evidence); *see also, e.g.*, *Hawkins v. Sea Support Ventures*, No. 21-CV-661, 2022 WL 860415, at *1 (E.D. La. Mar. 23, 2022) (Milazzo, J.) (similar); *Griffin v. United States*, No. 22-CV-3694, 2023 WL 7190821, at *1 (E.D. La. Nov. 1, 2023) (Papillion, J.) (similar); *Tillage v. Westbank Fishing, LLC*, No. CV 19-10858, 2020 WL 6822539, at *2 (E.D. La. Nov. 20, 2020) (Guidry, J.) (similar); *Ybarra v. Int'l Shipholding Corp.*, No. 17-CV-7431, 2019 WL 2077783, at *2 (E.D. La. Mar. 22, 2019) (Zainey, J.) (similar); *Carter v. Hornbeck Offshore Transp., LLC*, No. 12-CV-1545, 2014 WL 2898458, at *2 (E.D. La. June 26, 2014) (Duval, J.) (similar).

Accordingly,

**IT IS ORDERED** that Aries's motion[13] to exclude Claimants' expert testimony is **DENIED.**

New Orleans, Louisiana, this 20th day of November, 2024.

                                              _____
                                              BRANDON S. LONG
                                              UNITED STATES DISTRICT JUDGE

---

[13] ECF No. 420.