UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF ARIES
MARINE CORPORATION, ET AL.

CIVIL ACTION

NO. 19-10850 c/w NO. 19-13138

SECTION "O"

## ORDER AND REASONS

Before the Court is a motion[1] filed by Fluid Crane & Construction, Inc. ("Fluid Crane") and American Longshore Mutual Association, Ltd. ("ALMA") for reconsideration of this Court's Order[2] denying Fluid Crane and ALMA's motion to reopen this case. Aries Marine Corporation opposes.[3] For the reasons that follow, the Court **DENIES** the motion.

## I.    BACKGROUND

As this Court has previously explained—including in the Court's prior Order denying Fluid Crane and ALMA's motion to reopen—this matter arises from a 2018 incident in which the liftboat RAM XVIII capsized in the Gulf of Mexico. Thereafter, numerous parties sought to assert or to disclaim liability against one another for damages relating to the incident. Some of those claims were resolved through motions for summary judgment.[4] Some of those parties settled.[5]

---

[1] ECF No. 620.
[2] ECF No. 619.
[3] ECF No. 621.
[4] *See, e.g.*, ECF No. 241; ECF No. 312; *see also In re Aries Marine Corp.*, 2024 WL 1461945, at *1 (5th Cir. Apr. 4, 2024) (per curiam); *In re Aries Marine Corp.*, 166 F.4th 521, 523 (5th Cir. 2026).
[5] ECF No. 605.

Based on the settlement, the Court cancelled the trial and entered a conditional order of dismissal.[6] In that order, the Court directed "any party that contends that it has a live claim requiring further litigation must file a limited motion to reopen as to that purportedly live claim only."[7] Fluid Crane and ALMA moved the Court to reopen this case to allow them to litigate two sets of purportedly live claims against Aries Marine: (1) general-maritime-law negligence claims under *Federal Marine Terminals, Inc. v. Burnside Shipping Co.*, 394 U.S. 404 (1969); and (2) Fluid Crane's "independent right of subrogation."[8]

This Court denied the motion to reopen.[9] It found that those claims were not properly before the Court because Fluid Crane and ALMA did not timely and properly plead a *Burnside* negligence cause of action or an independent right of subrogation on the part of Fluid Crane. Nor did they timely and properly amend their original limitation claim to assert those causes of action. The Court also found that the parties did not properly incorporate those claims into the final pretrial order. And even if they had incorporated those claims into the pretrial order, the Court nevertheless would have denied Fluid Crane and ALMA leave to amend their limitation claim to assert those new causes of action at this late stage of this six-year-old case.[10]

---

[6] ECF No. 606 at 1.

[7] *Id.* at 2.

[8] ECF No. 607; *id.* at 6.

[9] ECF No. 619. Because the Court held that Fluid Crane and ALMA's purportedly live claims are not properly before the Court, the Court did not reach Aries Marine's argument that those purportedly live claims fail on the merits based on the MSC's waiver of subrogation. ECF No. 610 at 1–7. Accordingly, the Court need not consider Aries Marine's same argument in opposition to the motion for reconsideration. ECF No. 621 at 3–10.

[10] *See generally* ECF No. 619.

Fluid Crane and ALMA now move under Fed. R. Civ. P. 59(e) for reconsideration of this Court's order denying their motion to reopen.[11] In short, Fluid Crane and ALMA contend the Court erred in finding that they did not adequately plead a *Burnside* negligence claim or independent right of subrogation of Fluid Crane against Aries Marine under Fed. R. Civ. P. 8. Fluid Crane and ALMA also assert the Court erred in finding that their claims were not incorporated into the pretrial order.

In response, Aries Marine argues that Fluid Crane and ALMA neither present new evidence nor identify a manifest error of law or fact as required under Rule 59(e). Rather, they simply rehash the arguments presented in their motion to reopen or bring arguments that were available but not invoked before the motion was decided.[12]

The Court considers the motion below.

## II.    LEGAL STANDARD

Rule 59(e) permits a party to file a motion to "alter or amend a judgment[.]" FED. R. CIV. P. 59(e). The motion "must be filed no later than 28 days after the entry of the judgment." *Id.* Reconsideration of a judgment after its entry "is 'an extraordinary remedy that should be used sparingly.'" *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).

Although "[t]he text of Rule 59(e) does not specify the available grounds for obtaining such relief," *id.*, the Fifth Circuit has identified three grounds for a Rule 59(e) motion: "(1) to correct a manifest error of law or fact, (2) where the movant

---

[11] ECF No. 620.
[12] ECF No. 610.

3

presents newly discovered evidence that was previously unavailable, or (3) where there has been an intervening change in the controlling law." *Jennings v. Towers Watson*, 11 F.4th 335, 345 (5th Cir. 2021) (citations omitted). "A manifest error is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Puga v. RCX Sols., Inc.*, 922 F.3d 285, 293 (5th Cir. 2019) (quotation marks and citations omitted).

Rule 59(e) motions thus serve only a "narrow purpose." *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir. 1989). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

## III.   ANALYSIS

Applying that standard here, the Court finds that Fluid Crane and ALMA have not shown that they are entitled to the "extraordinary remedy" of Rule 59(e) relief. *Rollins*, 8 F.4th at 396 (citation omitted). They have not identified "a manifest error of law or fact," "present[ed] newly discovery evidence that was previously unavailable," or identified "an intervening change in the controlling law." *Jennings*, 11 F.4th at 345.

Fluid Crane and ALMA contend the Court incorrectly applied the Rule 8 standard when it found they had failed to properly plead the *Burnside* claim and the independent right of subrogation of Fluid Crane. They disagree with the Court's finding that they did not adequately plead facts necessary to bring those claims in

4

their timely filed limitation claim. In support, they now point to facts pled in support of their affirmative defenses—which they did not do in their initial motion to reopen.[13] They further assert—also for the first time—that an LHWCA claim does not encompass reimbursement for all types of expenses sought in their limitation claim. Therefore, they argue, the very act of seeking reimbursement for certain expenses independently suffices to plead a *Burnside* claim alongside an LHWCA claim.

The Court finds that much of Fluid Crane and ALMA's motion is devoted to simply rehashing the same previously rejected arguments regarding the adequacy of their pleadings. This Court has already found that the parties did not sufficiently plead a *Burnside* claim or an independent right of subrogation in their limitation claim. Fluid Crane and ALMA's attempt to distinguish *Doucet v. R. & R. Boats, Inc.*, 2020 WL 6533216, at *2 (M.D. La. Nov. 5, 2020) is unpersuasive and does not rise to the level of "manifest error of law." *Matter of Life Partner Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019).

Further, their eleventh-hour gesture to particular affirmative defenses and to allegations regarding certain types of expenses also fails. Fluid Crane and ALMA could have raised these arguments in their original motion. A Rule 59(e) motion "'cannot be used to raise arguments which could, and should, have been made before the judgment issued'" or "'to argue a case under a new legal theory.'" *Pender v. Barron Builders & Mgmt. Co.*, 298 F. App'x 298, 299 (5th Cir. 2008) (quoting *Ross v. Marshall,* 426 F.3d 745, 763 (5th Cir.2005)). In any event, passing allegations in the

---

[13] *Compare* ECF No. 607 *with* ECF No. 619.

limitation claim regarding seeking reimbursement for certain types of expenses, and the assertion of certain affirmative defenses, are each insufficient to provide Aries Marine with fair notice of these purported claims against them. *See Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 402 (5th Cir. 2013) ("The plaintiff is required to give fair notice in the pleadings of all claims brought against the defendant."). Fluid Crane and ALMA may disagree with the Court's Order, but they have failed to establish their entitlement to the "extraordinary remedy" of reconsideration under Rule 59(e). *Templet*, 367 F.3d at 479.

Fluid Crane and ALMA also contend the Court incorrectly found the *Burnside* negligence and independent right of subrogation causes of action were not properly incorporated into the final pretrial order. They disagree with the Court that their failure to describe those claims in section 3 of the proposed pretrial order—which required a description of "the claims" at issue—precluded the claims' incorporation into the order. They contend that Aries Marine was sufficiently on notice of Fluid Crane and ALMA's pending claims because they included a description of the claims in the "material facts" section of the proposed order.

Once again, Fluid Crane and ALMA have already advanced these arguments— or at least, strikingly similar ones—in their motion to reopen. After a thorough consideration, this Court rejected those arguments and ultimately denied the motion to reopen. Fluid Crane and ALMA's "recitation of duplicative and meritless arguments that have already been exhaustively considered does not entitle [them] to a second bite at the apple" under Rule 59(e). *Vesoulis v. Reshape Lifesciences, Inc.*,

No. 19-1795, 2021 WL 2267676, at *1 (E.D. La. June 3, 2021). Fluid Crane and ALMA have failed to identify new evidence, an intervening change in controlling law, or a manifest error of law or fact that would "'call[] into question the correctness of [the] judgment.'" *Templet*, 367 F.3d at 479 (citation omitted).

## III.    CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion[14] for reconsideration is **DENIED**.

New Orleans, Louisiana, this 27th day of March, 2026.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[14] ECF No. 620.